## GEORGE W. PRICE

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed October 24, 1901—Rehearing denied December 5, 1901.*

' 1. CONSTITUTIONAL LAW—*right of legislature to tax occupations for revenue purposes.* Section 1 of article 9 of the constitution, which authorizes the legislature to tax certain occupations for the purpose of raising revenue, does not impliedly prohibit the taxing, for revenue, of any other occupations than those enumerated. (*Banta* v. *City of Chicago,* 172 Ill. 204, criticised.)

2. SAME—*right of the legislature to license occupations under its police power.* In the exercise of its police power the legislature may provide that any occupation which is a proper subject of such power shall not be followed except under a license issued by public authority, upon the payment of a license fee and the execution of a bond conditioned in accordance with the purposes of the act.

3. SAME—*what occupations may be regulated is a judicial question.* What occupations may be taxed by the legislature, under its police power, by an act requiring a license is a judicial question.

4. SAME—*occupation of private employment agency is subject to police regulation.* Conducting a private employment agency for hire is an occupation for which the legislature may require a license fee in order to promote the public welfare.

5. SAME—*section 10 of Free Employment Agency act is not unconstitutional.* Section 10 of the Free Employment Agency act, (Laws of 1899, p. 271,) which requires persons running private employment agencies for hire, in certain cities, to pay a license fee of $200 and give a bond for $1000, is not unconstitutional.

6. SAME—*legislature may determine amount of license fee in regulating occupation.* The amount determined upon by the legislature to be paid for a license imposed for regulation is conclusive, unless it is manifest that the real purpose is to raise revenue under the guise of police regulation or to prohibit the exercise by a citizen of a lawful calling by means of oppressive license fees.

MAGRUDER, J., dissenting.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

MORRIS ST. P. THOMAS, and ALTGELD, DARROW & THOMPSON, for plaintiff in error.

H. J. HAMLIN, Attorney General, (E. S. SMITH, and B. D. MONROE, of counsel,) for the People.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Section 10 of an act of the General Assembly entitled "An act to create free employment offices in cities of certain designated populations, and to provide for the maintenance, management and control of the same, and to prevent private imitations of the name of the same, and regulating private employment agencies," approved April 11, 1899, in force July 1, 1899, (Hurd's Stat. 1899, p. 848,) is as follows: "No person, firm or corporations in the cities designated in section 1 of this act [cities of not less than fifty thousand population] shall open, operate or maintain a private employment agency for hire, or where a fee is charged to either applicants for employment or for help, without first having obtained a license from the Secretary of State, which license shall be $200 per annum, and who shall be required to give a bond to the People of the State of Illinois, in the penal sum of $1000 for the faithful performance of the duties of private employment agent; and no such private agent shall print, publish, or paint on any sign, window, or newspaper publication, a name similar to that of the Illinois free employment offices. And any person, firm or corporation violating the provisions of this act, or any part thereof, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than $50 nor more than $100."

The plaintiff in error was indicted at the November term, 1899, of the criminal court of Cook county, for opening, operating and maintaining a private employment agency in the city of Chicago, without having first obtained a license from the Secretary of State, and without having given a bond to the People of the State of Illinois in the penal sum of $1000, conditioned for the faithful performance of the duties of private employment agent.

The defendant moved to quash the indictment on the ground that the offense charged was unknown to the law of Illinois; that section 10 of the act was void because repugnant to the State constitution and the Federal constitution, and because oppressive and unreasonable, and that the entire act was void because repugnant to the State and Federal constitutions. The court denied the motion. The defendant entered a plea of not guilty. A jury was duly waived and the case tried before the court. At the conclusion of the evidence the defendant submitted certain written propositions of law, by which the court was asked to hold (1) that the indictment did not charge the commission of any offense known to the law of Illinois; (2) that section 10 of said act was void because in contravention of the constitution of Illinois and (3) of the Federal constitution; (4) that the said act was void as a whole because repugnant to the State constitution and (5) the Federal constitution; (6) that said section 10 was void because unreasonable and oppressive, and (7) because prohibitive and not regulative. The court took the case under advisement, and at the May term, 1901, marked each of the propositions of law so submitted "refused," found the defendant guilty and assessed against him a fine of $50. To reverse the judgment entered on that finding this writ of error has been sued out of this court.

The proof was clear that in the month of December, 1899, the defendant was engaged in the business of a private employment agent in the city of Chicago, and that he had not procured a license therefor from the Secretary of State. The plaintiff in error admits that if that section is valid in its entirety the judgment of the criminal court was warranted by the evidence.

Section 1 of article 4 of the constitution of 1870 lodges the legislative power of the State in the General Assembly, consisting of the Senate and House of Representatives. The supreme or sovereign power of legislation,

which under our form of government resides in the People, by the adoption of the said section 1 of article 4 of the constitution of 1870 was vested in the General Assembly, subject only to the limitations and restrictions found in other portions of the organic instrument or in the constitution of the United States. (*Hawthorn* v. *People*, 109 Ill. 302; *People* v. *Hill*, 163 id. 186.) It is a well recognized attribute of sovereign power to tax any occupation for the purpose of raising revenue, and such tax may be laid and collected in the form of a license fee. (Cooley's Const. Lim. 479; Cooley on Taxation, 570, 572, 591, 592, 599; *Banta* v. *City of Chicago*, 172 Ill. 204.) Article 9 of the constitution of 1870 is expressly devoted to the exercise of the power of raising revenues. Section 1 of the said article authorized the General Assembly to tax certain occupations specifically enumerated in the section. The occupation of private employment agent is not therein enumerated. The incorporation into the constitution of the section giving the legislature authority to tax certain enumerated occupations for the purpose of raising revenue does not operate to limit the power of the law-making department of the State, in exercising the sovereign right of taxation of occupations, to the particular occupations specified. The familiar canon of construction, that such enumeration should be held by implication to inhibit the taxation of any occupation not specified in the section, cannot be given application, for the reason such construction is expressly forbidden by section 2 of article 9 of the organic law. Expressions in *Banta* v. *City of Chicago*, *supra*, that such canon of construction is applicable were made inadvertently. No inhibition, therefore, arises against the imposition of a license fee upon the occupation of the plaintiff in error on the sole ground the fee was laid as a tax for purposes of revenue.

It is an attribute of sovereign power to enact laws for the exercise of such restraint and control over the

citizen and his occupation as may be necessary to promote the health, safety and welfare of society. This power is known as the police power. In its exercise the General Assembly may provide that any occupation which is the proper subject of the power may not be pursued by the citizen except authorized by a license issued by public authority so to do. Such enactment may require the payment of a fee and the execution of a bond with security, conditioned in view of the objects and purpose of the act, as a prerequisite to the issuance of such license. What occupations are the proper subjects of this power is a judicial question. *Town of Lake View* v. *Rose Hill Cemetery Co.* 70 Ill. 191; *Ritchie* v. *People*, 155 id. 98; *Booth* v. *People*, 186 id. 43.

That the public welfare demands legislation prescribing regulations and restrictions to protect against the evils of imposition and extortion which have manifested themselves in the conduct of private employment agencies is not controverted by counsel for plaintiff in error, but such counsel contend that the license fee imposed by said section 10 of the act is enacted for the primary purpose of raising revenue, and not as a means of enforcing any police regulation. The argument is, the sole regulation or restraint prescribed by the section on the business of employment agents is, they shall not simulate the name of the State free employment offices established by other sections of the act, and that the license fee of $200 has no relation to the cost of enforcing this regulation but is an oppressive, arbitrary exaction on the occupation, and is in contravention of the guaranties of both the Federal and State constitutions that "no person shall be deprived of life, liberty or property without due process of law." The position of the Attorney General is, the General Assembly is vested with the absolute and unrestricted power to determine what the license fee shall be, and that the judgment and discretion of the legislature, as expressed in the act, are conclusive as to the

reasonableness thereof. The Attorney General concedes that the ordinance of a municipality prescribing the exaction of a license fee upon any lawful occupation in virtue of the police power delegated to such municipality by the General Assembly may be open to review by the courts and the reasonableness or unreasonableness of the license fee fixed by the ordinance may be determined by the court, but insists the court has no such power of review when the General Assembly, in the exercise of the sovereign power of legislation with which it is vested, has fixed and declared the amount of the license fee.

The enactment in question does not seek to prohibit the pursuit of the occupation of an employment agent by a private citizen, but only the regulation of that occupation. If, under the guise of regulation, the General Assembly should fix a license fee so exorbitant in amount as to operate as a prohibition upon the calling or create a monopoly, and clearly without relation to the cost and expense of regulation, the effect would be to deprive the citizen of a liberty and property right under the constitution, and it would be within the power of the court to so declare. But the courts always proceed with great hesitation and caution in passing upon the validity of the enactments of the General Assembly. Primarily, we assume the law-making body considered the effect of the proposed enactment upon the constitutional rights of the citizen, and that it acted from patriotic and just motives, and in fixing the amount of the fee to be paid as a prerequisite to the right to a license to pursue the calling of an employment agent acted upon proper consideration and in the exercise of honest intentions. The requirements that a bond shall be given conditioned for the faithful performance of the duties of employment agent, and that a license shall be secured, are within themselves matters of regulation, in addition to the requirement that private agencies shall not simulate the name or signs of the public employment offices, and the

conditions of the bond charge upon the public officials of the State whose duty it is to enforce compliance with such conditions, further duties clearly in the nature of regulation of the occupation. What amount the applicant for a license shall be required to pay as a license fee is plainly committed to the General Assembly for determination, and the action of that department of the State government is conclusive, except, beyond serious doubt, it is manifest the amount of the fee has been in any particular instance established, not with regard to the purpose of regulation of the occupation with the view of protecting the public welfare, but with the real purpose to raise revenue under the guise of the police power, or to subvert the proper exercise of that power to the prohibition, by means of oppressive license fees, of the right of the citizen to exercise a lawful calling, in violation of the constitutional guaranties against the destruction of the liberty and property right of a citizen.

This court would not assume to enter upon the consideration of the question, pure and simple, whether the legislative mind and judgment were at fault in determining the amount to be required as a license fee for the purpose of regulating an occupation in the interest of the welfare of the public. If errors or defects of this character exist in an enactment the remedy is by way of an application to the General Assembly, when again convened, for the repeal or modification of the ill-advised provision:

The judgment appealed from is affirmed.

*Judgment affirmed.*

Mr. JUSTICE MAGRUDER, dissenting.