Richards, J.
The plaintiff in error, Frank Raabe, was arrested, tried, convicted and sentenced in the police court of the city of Toledo on a charge that he unlawfully operated and maintained a private employment agency for hire in violation of the provisions of Section 886 and succeeding sections of the General Code. He prosecuted error to the court of common pleas, where the judgment and sentence were affirmed, and he brings this proceeding in error to procure a reversal of these judgments.
It is earnestly contended that the affidavit on which he was arrested is insufficient; that the court erred in the admission of evidence; and that the judgment of conviction is not sustained by sufficient evidence. And it is also insisted that the section of the General Code already cited is in violation of various provisions of the Constitution of Ohio and the Constitution of the United States.
A careful examination of the affidavit fails to disclose any defect therein. Neither have we found any prejudicial error in the admission or rejection of evidence on the trial of the case.
The act of the general assembly under which the defendant was prosecuted prohibits any person from operating- or maintaining a private employment agency for hire, or in which a fee is charged an applicant for employment, without obtaining a license from the commissioner of labor statistics. The phrase “private employment agency” is clearly defined in Section 893, General Code. That section provides in substance that, except an employment agency of a charitable . organization, a person, firm or corporation furnishing or agreeing *121 to furnish employment or help shall be deemed a private employment agency.
The bill of exceptions contains all of the evidence which was introduced on the trial in the police court, and the evidence disclosed therein is of such a character as would justify that court in finding that the defendant, pretending to have influence with a certain company, had on various occasions furnished and agreed to furnish employ^ ment with said company, to sundry persons, that for this service he received compensation from the persons for whom he agreed to furnish employment, and that he was not acting as agent of any charitable organization. It is true that the defendant maintained no office and displayed no sign or bulletin indicating that he was operating or maintaining a private employment agency; but various men seeking employment met him at his residence, and the business was there ordinarily conducted, and this clearly brings him within the purview of the statute. We are of opinion that the judgment of conviction is not so manifestly against the weight of the evidence contained in the record as to justify a reversal of the judgment.
The most important question in this case is the claimed unconstitutionality of the act providing for the regulation of private employment agencies. The first section of the act, being Section 886,-General Code, prohibits any person, firm or corporation from opening, operating or maintaining a private emplojmient agency for hire, or in which a fee is charged an applicant for employment or an applicant for help, without obtaining a. license from the commissioner of labor statistics. The • *122 section also requires the payment of a fee by the applicant for license, which fee is graded according to the population' of the municipality in which the licensee is to conduct business, the fee ranging from $25 in villages to $100 in cities having a population of 50,000 or more. The section also provides that the commissioner may refuse to issue or renew a license to an applicant, if, in his judgment, such applicant has violated the law relating to private employment agencies, or is not of good moral character. The statute does not contain any provision for a review by the courts of the action of the commissioner of labor statistics in refusing to issue or renew a license to an applicant.
It is said that this statute is invalid because it bestows arbitrary power on the commissioner of labor statistics and contains no definitions or directions for the determination of what constitutes good moral character or what constitutes a violation by an applicant for a license, of the law relating to private employment agencies; because the classification of municipalities in fixing the price of the license is. arbitrary and unjustified; and because no provision is made in the statute for a review by. the courts of the decisions reached by the commissioner of labor statistics.
We have no doubt that the general assembly has ample authority, under the police power possessed by the state, to regulate the general subject' of employment agencies. This subject has been many times discussed in the courts, and with very few exceptions the conclusion reached has been in favor of the existence of this power by the state legislatures. We need refer only to the fol *123 lowing authorities: Wessell v. Timberlake, 95 Ohio St., 21; Moore v. City of Minneapolis, 43 Minn., 418; Price v. The People, 193 Ill., 114; The People, ex rel. Armstrong, v. The Warden of the City Prison, 183 N. Y., 223, and People v. Brazee, 183 Mich., 259.
This latter case is one of very great importance in determining the questions involved in the case at bar and was affirmed by the supreme court of the United States in 241 U. S., 340. In the case last cited the statute limited the license fee of $100 to cities of over 200,000 inhabitants, and there was but one city in the state that came within that ^classification, and yet the act was held not to be thereby rendered unconstitutional.
In the case of Gundling v. Chicago, 177 U. S., 183, an ordinance of the city of Chicago, authorizing the issuance of a license to persons to sell cigarettes upon the payment of $100, was held valid although it delegated to the mayor the entire subject of granting and revoking licenses for engaging in the business. The .contention was made in that case that this ordinance vested arbitrary power in the mayor and was for this reason invalid.
The most recent utterance of the supreme court of the United States on the questions now under consideration may be found in a group of cases decided by that court on January 22, 1917, and entitled Hall, Superintendent of Banks of the State of Ohio, v. Geiger-Jones Company; Caldwell, as Attorney-General of South Dakota, v. Sioux Falls Stock Yards Co. et al., and Merrick et al. v. Hal *124 sey & Company et al. These cases may be found in 242 U. S., 539, and following pages.
Many of the cases which have been cited were based on statutes which • contained provisions for a review by the courts of the decision made by the commissioner or board having charge of the issuing and revocation of licenses. Indeed it is probable that most of the statutes on this subject have a provision of that character; but all of the statutes do not have this provision. In the group of cases - last cited such provision was found to exist in most of the statutes under review, and in some of those cases comment was made on that provision; but in the case last cited the court held that the absence of such provision did not render the statute invalid, since there is a presumption against wanton action by any commissioner, and that if there should be such disregard of duty a remedy in the courts would necessarily be implied.
We call attention to Reetz v. Michigan, 188 U. S., 505, which was an action arising under a statute 'of Michigan providing for the appointment of a “board of registration in medicine,” and which required a license from any person seeking such registration. We quote one proposition of the syllabus in that case:
“There is no provision in the Federal Constitu-^ tion forbidding the State from granting to a tribunal, whether called a court or a board of registration, • the final determination of a legal question. Due process of law is not necessarily judicial process, nor is the right of appeal essential to due process of law.”
*125 In the course of the opinion Mr. Justice Brewer uses the following language, at page 508:
“But while the statute makes in terms no provision for a review of the proceedings of the board, yet it is not true that such proceedings are beyond the investigation in the courts. In Metcalfe v. State Board of Registration, 123 Michigan, 661, an application for mandamus to compel this board to register the petitioner was entertained, and although the application was denied, yet the denial was based not upon a want of jurisdiction in the court but upon the merits.”
It is said that the statute is unconstitution'al because it furnishes no standard for determining what constitutes good moral character, as used in Section 886, General Code. The same objection was urged against the validity of a statute of Ohio providing for the creation of a board of censors of motion picture films (103 O. L., 399), which act was under consideration in Mutual Film Corp. v. Industrial Commission of Ohio, 236 U. S., 230. Section 4 of that act provided that only such films as are in the judgment and discretion of the board of censors of a moral, educational or amusing and harmless character shall be passed and approved by such board. Mr. Justice McKenna, speaking for the court, uses this language on page 245:
“The objection to the statute is that it furnishes no standard of what is educational, moral, amusing or harmless, and hence leaves decision to arbitrary judgment, whim and caprice; or, aside from those extremes, leaving it to the different views which might be entertained of the effect of the pictures, permitting the ‘personal equation’ *126 to enter, resulting ‘in unjust discrimination against some propagandist film/ while others might be approved without question. But the statute by its provisions guards against such variant judgments, and its terms, like other general terms, get precision from the sense and experience of men and 'become certain and useful guides in reasoning and conduct. The exact specification of the instances of their application would be as impossible as the attempt would be futile. Upon such sense •and experience, therefore, the law properly relies.”
The act under which Raabe is prosecuted authorizes the commissioner to refuse to issue or renew a license to an applicant, if, in his judgment, such applicant has violated the law relating to private employment agencies, or is not of good moral character. If this language should be construed to vest arbitrary and absolute power in the official named, the statute must needs be held violative of the constitution; but we do not so read the statute in the light of the cases to which reference has been made. Discretion and judgment must be reposed somewhere in order to make effective a statute regulating employment agencies, and the general assembly has placed the duty of exercising that judgment and discretion on the commissioner of labor statistics. It does not follow, however, that any conclusion which he may reach is beyond review in the courts. The phrase in the statute, “in his judgment,” must be held to’ mean a reasonable judgment. Even without those words the conclusion which he reached would naturally have to be'his judgment. He can not under this statute act from caprice or whim, nor arbitrarily. If, for *127 instance, the official named should refuse to issue or renew a license on the ground that the applicant was not of good moral character, when in truth and in fact there was no foundation for such conclusion by the commissioner, manifestly the applicant who was refused a license would have a remedy in the courts; and the same may be said of that portion of the statute which gives the right of refusing to issue or renew a license if the applicant has in the judgment of the' commissioner violated the law relating to private employment agencies, should it appear that the conclusion of the commissioner is merely an arbitrary or capricious one. The legislature will not be held to have intended to confer arbitrary power unless the language of the statute is such as to admit of no other construction.
The statute under review by the court in People v. Brazee, 183 Mich., 261, supra, authorized the revocation of the license by the commissioner of labor whenever, in his judgment, after full hearing, the licensed agency shall have violated any of the provisions of the act; and yet it was held’ that notwithstanding this language the courts have authority to review the conclusion of the commissioner if exercised arbitrarily.
Similar language is found in the statute under review in Mutual Film Corporation v. Ohio Industrial Commission, supra.
In the case of Harmon v. State of Ohio, 66 Ohio St., 249, the act of the general assembly of Ohio providing for the licensing of steam engineers was held invalid because it was held to grant legislative power and contained no criterion for deter *128 mining when an applicant was “trustworthy and competent.” The decision just cited is not in conflict with those heretofore cited in this opinion. Indeed, the case was cited in 236 U. S., 246, and held to be distinguishable from the case involving the statute establishing a board of censorship of motion picture films. We think it is also distinguishable from the case at bar.
The liquor license code (103 Ohio Laws, 222) provides that a license shall not be granted to a person who is not a citizen of the United States or who is not of good moral character. This phrase “good moral character” has been used so many times in statutes and decisions of the courts that it would seem to be unnecessary to attempt any definition. Indeed the term defines itself as accurately as the legislature could define it by any other terms it might employ.
In Rose v. Baxter et al., 7 N. P., N. S., 132, Judge Dillon had under consideration a statute authorizing the revocation of a physician’s certificate for gross immorality, and reached the conclusion that the expression “gross immorality” was not so indefinite as to render the act invalid. We think the reasoning of the court in that case is sustained by the authorities already cited.
We are unanimously of the opinion that the statute under review is not in violation of any provision in either the state or federal constitution, and the judgment will be affirmed.

Judgment affirmed.

Chittenden and Kinkade, JJ., concur.