(No. 23810.— )

THE DEPARTMENT OF FINANCE, Appellee, *vs.* JESS WERNER, Appellant.

*Opinion filed December 10, 1936.*

HODGES & TRAGETHON, for appellant.

OTTO KERNER, Attorney General, (JOHN F. McGINNIS, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Jess Werner is a retailer of gasoline, oils and greases in Springfield. The Department of Finance recovered a judgment against him in the circuit court of Sangamon county for $4884.55 due the State under the provisions of the Retailers' Occupation Tax act. The facts were stipulated. The cause is here on Werner's appeal.

While this suit was pending the defendant was convicted in the county court of Sangamon county on an information charging willful failure to make return and report to the Department of Finance under the provisions of said act. The conviction was affirmed by this court at the present term. *People v. Werner,* (*ante,* p. 594.)

The grounds urged for reversal are, that the judgment wrongfully includes a tax, penalty and interest upon the

amount of the Federal tax paid by defendant and upon the motor fuel tax collected for and remitted by him to the Department of Finance under the Motor Fuel Tax act; that sections 12 and 13 of the Retailers' Occupation Tax act are unconstitutional, as delegating to administrative officers the power to make and enforce rules and regulations, a violation of which would subject the offender to a fine or imprisonment; that the trial court was advised of the pendency of the criminal charge concerning the same subject matter, and in violation of his constitutional rights he was compelled to give evidence against himself under an order of the court to answer interrogatories propounded to him under a *dedimus* and to produce records under a subpoena *duces tecum*.

Except for the proceedings by the Department of Finance hereinafter mentioned, the facts, so far as necessary for consideration of the issues here, are set forth in the People's case *supra*. The claim that the defendant was compelled to testify against himself was not raised in that case. All the other issues were therein decided adversely to his contentions. The only question remaining to be decided in this case is whether or not the order compelling him to produce records and to answer interrogatories entitles him to a reversal of the judgment.

The stipulation of facts in this case, aside from and without such records or any testimony of the defendant, shows that he was engaged in the business of selling tangible personal property at retail for use and consumption within the State; that on October 2, 1935, after due notice to him and a hearing in accordance with the statute, the Department of Finance made an assessment against him of $2850 for tax due for the period between May 1, 1934, and August 31, 1935; that a penalty of $713 for failure to make return under the Retailers' Occupation Tax act was assessed, making an aggregate of $3565; that the defendant did not appear at the hearing; that due notice of the as-

sessment of the tax was mailed to him; that he did not communicate with the department within ten days after the tax was assessed and took no steps to have the proceedings reviewed in any court; that at a previous hearing on June 7, 1934, pursuant to due notice, and at which the defendant failed to appear, a tax of $1000 was assessed against him together with a penalty of $250, and that the taxes and penalties so assessed at the two hearings aggregate $4885.

Section 5 of the Retailers' Occupation Tax act (State Bar Stat. 1935, chap. 120, par. 430; S. H. A. 444, 120;) provides that in case any person engaged in the business of selling tangible personal property at retail fails to make a return when and as provided by the act, the department, after notice to such person and a hearing thereon, shall determine the amount of such tax according to its best judgment and information, which amount shall be *prima facie* correct. Such person so having failed to make a return is required to pay such tax, together with a penalty of twenty-five per cent, within ten days after notice of the amount so fixed is mailed to him. If not paid within the ten-day period, interest at one per cent per month is added. By section 12 the circuit and superior courts of the county where the tax-payer resides or has his principal place of business have jurisdiction by *certiorari* to review all questions of law and fact determined by the department in administering the provisions of the act. Such suits shall be commenced within twenty days after the tax-payer has notice of the department's decision on any such matter.

The proceedings of the department were all in conformity with the provisions of the act. The voluntarily stipulated facts above mentioned are not shown by the records the defendant was ordered to produce or by his testimony. They establish a *prima facie* case against him, without such records or testimony, for the aggregate amount of the tax and penalties fixed by the department. He was therefore

618

not prejudiced by the order to produce records and answer interrogatories as to details not embraced within such stipulated facts and is not in a position to complain of it.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*