(No. 24608.—)

THE DEPARTMENT OF FINANCE, Appellee, *vs.* DAVID COHEN, Appellant.

*Opinion filed October 17, 1938.*

HARRY S. COWEN, (JOHN O. WAGNER, of counsel,) for appellant.

OTTO KERNER, Attorney General, (MONTGOMERY S. WINNING, and MORTIMER PORGES, of counsel,) for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

This appeal has been prosecuted from a judgment of the municipal court of Chicago wherein appellant challenges the constitutionality of sections 8, 9, 10 and 12 of the Retailers' Occupation Tax act. State Bar Stat. 1935, chap. 120, pp. 2707, 2708.

The Department of Finance brought suit in the municipal court against appellant, David Cohen, doing business as Embassy Drug Store, for judgment in the sum of $1704.67, on a deficiency assessment made by the department under the provisions of the Retailer's Occupation Tax act. The statement of the claim filed by the department showed a compliance with the provisions of the act, including notice to the defendant, a hearing on the alleged deficiency, the decision of the department fixing the amount of the deficiency, notice thereof to the defendant and aver-

ring defendant had not sought a review of the assessment by writ of *certiorari* from the circuit or superior courts as authorized under section 12 of the act. Appellant filed an affidavit of defense, simply denying he was indebted to the department as alleged, and therein challenged the constitutionality of the sections of the act. It is to be noted that the affidavit of defense did not deny (1) that appellant had been notified of the hearing to fix his tax liability as required by the act, or (2) that a hearing was had pursuant to such notice, or (3) that a deficiency assessment in the amount claimed had been made by the department, or (4) that he had been notified of the assessment, or (5) that he had not paid it, or (6) that he had taken no steps within the time fixed by section 12 of the act to have the finding of the department judicially determined by suing out a writ of *certiorari,* nor did he charge the department with failure to observe all the procedural steps required to be taken by it prior to bringing its action to collect. A motion was made by the department to strike defendant's affidavit on the ground it failed to state a defense. The motion was allowed and judgment entered for the amount of the deficiency and penalties claimed, and the cause is here for review by direct appeal.

The act in question imposes a tax on persons engaged in the business of selling tangible personal property at retail. The tax is measured by the individual's gross receipts. All persons falling within the class pay the same tax. Monthly returns by persons coming within the provisions of the act are required to be made to the Department of Finance, which is vested with the duty of collecting the tax. The sections assailed, together with section 4 thereof, specify the procedure to be followed by the department in correcting returns and making deficiency assessments.

Section 8 of the act provides: "For the purpose of ascertaining the correctness of any return, or for the purpose of determining the amount of tax due from any person

engaged in the business of selling tangible personal property at retail, the department or any officer or employee of the department designated, in writing, by the director thereof, may hold investigations and hearings concerning any matters covered by this act and may examine any books, papers, records or memoranda bearing upon the sales of tangible personal property of any such person and may require the attendance of such person or any officer or employee of such person, or of any person having knowledge of such sales, and may take testimony and require proof for its information. In the conduct of any investigation or hearing, neither the department nor any officer or employee thereof shall be bound by the technical rules of evidence and no informality in any proceeding, or in the manner of taking testimony, shall invalidate any order, decision, rule or regulation made or approved or confirmed by the department. The department or any officer or employee thereof shall have power to administer oaths to such persons."

Section 9 provides that no person shall be excused from testifying or from producing any records, etc., upon the grounds that such testimony or evidence might tend to incriminate him, but states that such person shall not be criminally prosecuted on account of any such testimony when given in obedience to *subpoena,* except for perjury in testifying. Section 10 provides for the issuance of *subpoenas,* etc. Section 12 authorizes the department to make, promulgate and enforce reasonable rules and regulations relating to the administration and enforcement of the act, provides the manner and length of time of giving notice of a hearing, that the hearing must be held in the county where the taxpayer resides, provides that the superior or circuit court of the county where the taxpayer resides or has his principal place of business "shall have power to review all questions of law and fact determined by the department in administering the provisions of this act by writ of *certiorari* to the department," and that such suits shall be commenced

within twenty days after a taxpayer has notice of the department's decision in any matter.

Appellant made no charge or showing of fraud in fixing the amount of the assessment. His defense is limited to his assertion that the four mentioned sections are in violation of article 3 and of section 1 of article 6 of our constitution in that they vest administrative officers with judicial powers, and also violate section 2 of article 2 in depriving him of his property without due process of law.

The principal arguments made by appellant are in support of his theory that the hearing provided for by the act violates his constitutional rights. An attack on the constitutionality of the so-called Sales Tax act approved March 22, 1933, was made in the case of *Winter* v. *Barrett,* 352 Ill. 441. In that act almost the identical language contained in the sections questioned here was embodied in different numbered sections of that act. Among other grounds of attack there asserted was that the act violated article 3 of our constitution providing for the separation of the three departments of government and also the due process provision contained in section 2 of article 2 of the constitution. In answer to the plaintiff's contention, we there said, on page 466: "In enacting laws the legislature cannot deal with the details of every particular case, and reasonable discretion as to the manner of executing a law must necessarily be given to administrative officers. Such officers, in the performance of their duties, are frequently called upon to exercise judgment and discretion, to investigate and decide, and yet in doing so they do not exercise judicial power within the meaning of the constitution. * * * To constitute due process of law, orderly proceedings according to established rules which do not violate fundamental rights must be observed, but there is no vested right in any particular remedy or form of proceeding, and a general law administered in its legal course according to the form of procedure suitable and proper to the nature of the case,

conformable to the fundamental rules of right and affecting all persons alike, is due process of law. * * * The powers conferred upon the Department of Finance to administer this act are not arbitrary, and, so far as the general power conferred upon the department is concerned, the case is not in anywise different in principle from the cases above cited." See, also, *Reif* v. *Barrett,* 355 Ill. 104, where we used similar language in upholding the constitutionality of the subsequently passed Retailers' Occupation Tax act, in which sections 9, 10, 11 and 13 thereof were almost identical in language with the four sections involved in the instant case. In that case we further said, "Due process of law does not necessarily imply court proceedings." While the particular sections of the act under scrutiny here were not specifically challenged in either of the last two cases except as parts of the entire act, yet it is apparent from the language used in the decisions of them that their provisions were carefully considered and their validity upheld.

The cases of *People* v. *Beekman & Co.* 347 Ill. 92, and *Chicagoland Agencies* v. *Palmer,* 364 Ill. 13, claimed by appellant as decisive of the constitutional question, are clearly distinguishable. In the first of these, the Secretary of State was authorized to investigate methods of transacting business, financial standing, experience, ability, and general reputation for integrity as a guide in fixing the amount of the bond required of one dealing in securities. In the second case, the Director of Insurance was empowered to pass upon licenses and revoke the same, after due investigation and hearing, without any qualifications required of insurance brokers being specified in the statute. It is clear that in each of these cases what the investigator might consider ability, experience or qualification would cover a wide range, and have no fixed meaning.

In the case before the court the monthly return, which might be the subject of investigation, is defined with great

clearness in section 3 of the act, and, aside from the name, address and place of business of the seller, consists entirely in setting forth the amounts of sales and deductions from sales, in the manner authorized by law. The investigation and hearing, therefore, consisted almost entirely in the examination of books, and in the calculation of the amount of sales by addition on one side, and subtraction on the other. This is an entirely different proposition from determining experience, ability, necessary capital, and the like. The agent selected by the department is in reality appointed for the purpose of finding the amount of sales from the books. It is a matter of calculation. Adding the total amount of sales is not similar to measuring "ability," and arriving at the "amount of tax" from such calculation is not similar to determining necessary "capital" requisite to permit a man to do business with a small or large bond. The language used in the cases just cited was not intended to be applied to matters of computation, where all minds must ordinarily reach the same result from the same premise. It may be that some of the investigators will be more competent than others, but it cannot be presumed that the Director of Finance will assign for such purpose one who cannot add or subtract; but, if such a one is appointed, the statute provides for a review of his findings by a competent court.

The other cases cited by appellant apply to situations having no relevancy to the matter under controversy, and state general principles which apply only to the subject then under consideration.

The statute sets forth with great detail the matters which must go into the monthly return, and lays down a guide which, when followed, leaves nothing open for arbitrary discretion. The legislature cannot deal with the details of every particular case, and reasonable discretion as to the manner of executing a law must necessarily be given to administrative officers. (*Winter* v. *Barrett, supra.*) The

sections of the statute complained of do not violate the constitution by investing administrative officers with judicial powers, and the objection that appellant is deprived of property without due process of law has already been adversely decided in *Reif* v. *Barrett, supra.* Moreover, section 12 of the act provides a method of reviewing the action of the department by applying for a writ of *certiorari* from the circuit or superior courts.

Appellant also claims the statute in question violates section 1 of article 9 of the constitution by extending the powers of administrative officers in the collection of taxes. We have specifically held this statute does not violate sections 1 and 2 of article 9. (*Reif* v. *Barrett, supra.*) It is not pointed out why similar methods of collecting property taxes and occupational taxes by administrative officers is objectionable. Moreover, it is provided by section 2 of article 9 that the General Assembly has the power to tax other subjects or objects than those specified in section 1 in such manner as may be consistent with the principles of taxation fixed in the constitution. It appears, therefore, that powers and duties may be granted to administrative officers and exercised by them, without regard to the character of the tax authorized by the legislature.

Appellee has cited authorities showing that the municipal court had jurisdiction of the cause, but since appellant, in his reply brief, expressly disclaims having questioned such jurisdiction it is unnecessary to pass upon this question.

The judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*