(No. 25766.
THE DEPARTMENT OF FINANCE, Appellee, *vs.* NEIL GANDOLFI *et al.* Appellants.

*Opinion filed December 12, 1940.*

238

MORTIMER SINGER, ESTHER C. SINGER, and S. ALFRED SINGER, for appellants.

JOHN E. CASSIDY, Attorney General, (W. F. GRAY, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The Department of Finance of the State of Illinois filed its complaint in the circuit court of Lake county praying judgment in the sum of $1293.75 as a retailers' occupation tax against the defendants, Neil Gandolfi and D. Giangiorgi, co-partners, doing business as Gandolfi and Giangiorgi. A motion of defendants in the nature of a demurrer was denied, and upon their failure to plead judgment was entered against them. Defendants have prosecuted this appeal.

The facts set forth in the complaint stand admitted by defendants' motion. It does not appear whether defendants filed a return as required by section 3 of the Retailers' Occupation Tax act. (Ill. Rev. Stat. 1939, chap. 120, par. 442, p. 2670.) The Department of Finance, after an investigation in accordance with the provisions of section 8 of the act, found due the sum of $1035 as a tax and $258.75 as penalties. Notice of this proposed assessment was sent to defendants, who failed to file a protest or request a hearing within twenty days as provided by sections 4 and 5. The department thereafter sent them notices of final assessment and instituted this action.

Defendants' first contention is that section 2a of the act unlawfully restricts the ordinary occupations of citizens because the certificate of registration, required for the conduct of their business, may not issue if tax payments are in default. It is a well recognized attribute of sovereign power to tax any occupation for the purpose of raising revenue, and to impose and collect the tax in the form of a license. (*Price* v. *People,* 193 Ill. 114; *Banta* v. *City of Chicago,* 172 id. 204.) Defendants fail to recognize the distinction between enactments designed to supervise occupations under the police power, and administrative regulations intended to aid the enforcement of tax legislation. The power of the legislature to aid administration and insure collection of taxes by reasonable measures requiring licenses and imposing penalties is uniformly recognized. (*People* v. *Werner,* 364 Ill. 594; *People* v. *Wilson Oil Co.* id. 406; *Citizens Water Works* v. *Hughes,* 362 Ill. 136; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 306 id. 62; *Chicago, Rock Island and Pacific Railway Co.* v. *People,* 217 id. 164.) Section 2a, rather than attempting to regulate retail occupations, prohibits the issuance of the license only upon failure to pay the tax.

Defendants contend, moreover, that by their participation in a hearing before the department they would waive all constitutional questions, and that their failure to participate would result in a final determination, not subject to review upon the law and facts. They urge, consequently, that they are deprived of the right to a trial by jury before a properly constituted judicial tribunal. This is not a proceeding to review the decision of the department, but it is an action in debt to collect taxes, and under the pleadings no question of fact concerning the evidence before the department requires consideration. (*Department of Finance* v. *Gold,* 369 Ill. 497.) Defendants, therefore, are not concerned with the legal proposition that they should have the right to appeal from any court or department finding. Sec-

tion 12 of the act, however, does permit a review on *certiorari* to the circuit and superior courts upon all questions of law or fact. There is no force in the argument that the act contravenes section 2 of article 2 of the Illinois constitution as to due process. The hearings provided by the Retailers' Occupation Tax act constitute due process, and that question is no longer open to debate. *Department of Finance* v. *Cohen,* 369 Ill. 510; *Reif* v. *Barrett,* 355 id. 104.

Defendants urge that contrary to article 3 of the constitution judicial powers are delegated to the department, an executive body, by the following provisions: Sections 2a and 2b providing for the refusal to grant, and the authority to revoke, licenses; section 3, authorizing review and revision of tax returns; sections 4 and 5, providing for the assessment of penalties; sections 9 and 11, compelling persons to testify against themselves and permitting the department to convey its information to Federal bodies, with a guaranty of State but not of Federal immunity, and section 13, providing that it shall be a misdemeanor to engage in retail business without obtaining a certificate of registration. An administrative officer empowered to issue and revoke licenses to engage in a business or profession necessarily exercises quasi-judicial powers in determining whether a license should be issued or revoked, but such exercise of power is incidental to the duty of administering the law and does not constitute the exercise of judicial power within the prohibition of the constitution. (*People* v. *Wilson Oil Co. supra; People* v. *Apfelbaum,* 251 Ill. 18.) Our decision in *Department of Finance* v. *Cohen, supra,* that the power to review and revise tax returns under the Retailers' Occupation Tax act is ministerial, and not judicial, as requiring merely a calculation or computation from data upon which all minds must ordinarily reach the same result, applies with equal force to the assessment of penalties under sections 4 and 5. Defendants did not testify, nor, if they had, would their testimony before the department be con-

sidered in this summary proceeding. (*Department of Finance* v. *Gold, supra.*) The contention as to sections 9 and 11, therefore, does not require consideration. (*Department of Finance* v. *Werner,* 364 Ill. 615.) The power of the department, under section 13, to make and enforce rules and regulations, a violation of which constitutes a criminal offense, has been held not to violate article 3 of the constitution. *Department of Finance* v. *Werner, supra; People* v. *Werner, supra.*

The judgment of the circuit court of Lake county is affirmed.

*Judgment affirmed.*