(No. 3768— ▮▮▮▮▮▮)

DAVID COHEN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 5, 1947.*

HARRY S. COWEN, Attorney for claimant

GEORGE F. BARRETT, Attorney General, for respondent, WM. L. MORGAN and LEONARD H. LAWRENCE, Assistant Attorneys General, of counsel.

DAMRON, J.

On December 9, 1942, the above named claimant filed a complaint in this Court alleging that he is entitled to a refund in the sum of $1,785.93 from the State, by reason of an erroneous payment of that amount heretofore made by him to the Department of Finance on December 7, 1938.

The claimant, by his attorney, and the respondent, by its Attorney General, have filed herein a stipulation of facts which they agree shall be considered as in lieu of a transcript of evidence pursuant to Rule 16 of this Court and shall constitute the record in this case, and is in words and figures as follows:

1. That on or about September 4, 1937, a suit had been filed by the Department of Finance of the State of Illinois, against the claimant herein, in the Municipal Court of Chicago, Case No. 2779835, claiming the sum of $1,704.67 in an action of debt, pursuant to the Retailers' Occupation Tax Act, seeking to recover a judgment for said amount for an indebtedness alleged to be due under the said Act, based upon a tax assessment as determined by the said Department of Finance.

2. That on December 23, 1937, a judgment had been recovered against the claimant in the aforesaid suit in the sum of $1,704.67 and costs, after the said Municipal Court had overruled the defense of the claimant as incorporated in his Second Amended Statement of Defense, in which he had questioned the jurisdiction of the Municipal Court of Chicago over the subject matter of said suit, and thereafter, on December 7, 1938, after the issuance and service of an execution upon the claimant, he had paid in satisfaction of the aforesaid judgment, the sum of $1,785.93, which represents the amount of said judgment plus statutory interest, but exclusive of court costs.

3. That the said defendant perfected an appeal to the Supreme Court of Illinois, wherein the judgment was affirmed and which is found in Volume 369 of the Illinois Reports beginning at page 511.

4. That the claimant (defendant) herein did not deny and does not now (1) that he had been notified of the hearing to fix his tax liability as required by the act, or (2) that a hearing was had pursuant to such notice, or (3) that a deficiency assessment in the amount claimed had been made by the department, or (4) that he had been notified of the assessment, or (5) that he had not paid it, or (6) that he had taken no steps within the time fixed by section 12 of the act to have the finding of the department judicially determined by suing out a writ of certiorari, nor did he charge the department with failure to observe all the procedural steps required to be taken by it prior to bringing its action to collect.

5. That on November 27, 1942, an order was entered in the aforesaid cause decreeing said judgment as being absolutely void ab initio and unenforcible, inasmuch as the Municipal Court had lacked the requisite jurisdiction over the subject matter of said cause.

6. That by reason of the foregoing the aforesaid judgment was vacated, set aside, held for naught and expunged from the records in the Municipal Court, and said cause was dismissed.

7. That the claimant has received no payment, either in full or to apply on account of the aforesaid claim, either from the respondent or any of its departments or divisions having supervision and control of the matter and issues involved in this cause.

8. That after the Municipal Court of Chicago had decreed its judgment in this case as being absolutely void ab initio and unenforcible, and had vacated said judgment on November 27, 1942, thereafter, on February 1, 1944, claimant filed a claim for credit or refund with the Department of Finance asking a refund of the moneys paid previously to the said Department in satisfaction of the aforesaid void judgment. Said claim for credit was mailed to the Department of Finance on February 1, 1944 and receipt thereof was acknowledged by the said Department on February 7, 1944. The claim for credit was based upon a payment predicated upon a void judgment and was filed after the court had vacated the said judgment as void. Said claim for credit was denied by the Department and certiorari to review said

record was perfected to the Circuit Court of Cook County. On May 8, 1946, the Circuit Court of Cook County denied the writ of certiorari for the reason that that court was without jurisdicion in the premises.

It is to be noted from examination of this record that claimant in seeking a refund of $1,785.93 from the respondent bases his claim wholly on a claimed erroneous payment of said amount paid by him under a void judgment of the Municipal Court of the City of Chicago. It further appears from the record that from this judgment claimant appealed to the Supreme Court of this State where the judgment was affirmed. *Department of Finance* vs. *David Cohen*, 369 Ill. 510, In that case he did not deny that he owed the respondent the above amount of money assessed against him but challenged the constitutionality of the Act. In the opinion, the Court noted that the affidavit of defense did not deny that appellant had been notified of the hearing to fix his tax liability as required by the Act or that a hearing was had pursuant to such notice, or that a deficiency assessment in the amount claimed had been made by the Department, or that he had been notified of the assessment, or that he had not paid it or that he had taken no steps within the time fixed by Section 12 of the Act to have the finding of the Department judicially determined by suing out a writ of certiorari, nor did he charge the Department with failure to observe all the procedural steps required to be taken by it prior to bringing its action to collect. A motion was made by the Department to strike defendant's affidavit on the ground it failed to state a defense. The motion was allowed and judgment entered for the amount of deficiency and penalties claimed. Even here the claimant did not deny or plead that the taxes assessed against him were erroneously assessed and by his failure to plead this fact, it must be assumed that at the time of the entry of

judgment in the Municipal Court, he owed that amount to the State of Illinois.

It is to be noted that the judgment obtained against this claimant was affirmed on October 17, 1938 by the Supreme Court of this State.

This record contains a document marked "Exhibit B" which is in words and figures as follows:

"This matter coming on for hearing upon motion of DAVID COHEN, doing business as Embassy Drug Shop, defendant in the above entitled cause, for leave to file his petition to vacate and set aside the judgment heretofore entered herein against him on December 23, 1937, in the sum of $1,704.67 and costs, and

Upon the reading of said petition, it appearing to the Court that said defendant has a full and complete defense to the claim which is the subject matter of the above entitled cause and upon which the aforesaid judgment is predicated, in that the municipal Court of Chicago had not acquired jurisdiction over the subject matter of said cause, and that, therefore, the aforesaid judgment is absolutely void *ab initio* and unenforceable.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that leave be and the same hereby is, given to the said defendant to file the aforesaid petition to vacate the judgment heretofore entered herein against him on December 23, 1937, in the sum of $1,704.67 and costs.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the aforesaid judgment be, and the same hereby is, declared to be void and unenforceable, and said judgment be and the same is hereby vacated, set aside, held for naught, and expunged from the records in the above entitled cause, and said cause be, and the same hereby is, dismissed, without costs."

ENTER:        (Signed)   JOSEPH J. DRUCKER, *Judge.*

It is to be noted that claimant bases his right to recover from the respondent on the order of the Municipal Court of Chicago which was entered in said Court on the 27th day of November 1942.

By obtaining this order of the Municipal Court Judge, claimant predicates his right to recover on a "void judgment" and contends that since this order was entered, he paid the judgment as a mistake of fact and has filed herein a voluminous brief.

We hold that the order of the Municipal Court of Chicago finding that its judgment against the claimant in favor of the Department of Finance was void ab initio, is not binding and that the Municipal Court was without jurisdiction to enter such an order.

A similar situation arose before our Supreme Court in *The People* vs. *Circuit Court* 369 Ill. Sup. 438. This was a case wherein one Karatz was tried and found guilty in the Criminal Court of Cook County for conspiracy to defraud. He was sentenced to serve a term of from one to five years in the Illinois State Penitentiary and to pay a fine of $2,000.00 and costs. That judgment of conviction was confirmed in the Appellate Court, *People* vs. *Barry,* 287 Ill. App. 12. Upon further review, the Supreme Court confirmed the judgment of the Appellate Court. *People* vs. *Karatz,* 365 Ill. 255. Thereafter, while the sheriff of Cook County having charge of Karatz under a mittimus issued out of the Criminal Court was proceeding to deliver him to the Illinois State Penitentiary, Joliet, a writ of habeas corpus was served upon him, issued by a Judge of the Circuit Court of Will County. In this case, the Court said "the sole question presented in this cause is that of the jurisdiction of the Circuit Court of Will County and Wilson, one of the judges of the Court, to issue the writ of habeas corpus. The ground on which a writ was sought was that the mittimus under which Karatz was held was void because the grand jury which returned the indictment against him was an illegal and void grand jury."

In holding the Circuit Court of Will County was without power or authority to enter orders concerning the case, the Supreme Court said on page 440 of Ill. Sup. 369,

"It has been so frequently held by this court as to be plain and settled law in this State, of which all inferior courts must be held to

have knowledge, that when a judgment is affirmed by this court all questions, whether raised by assignment of error or which might have been raised on the record, are finally adjudicated, and such judgment must be regarded as free from all error. (*People v. Superior Court,* 234 Ill. 186; *Gould v. Sternberg,* 128 id, 510.) The adjudication of this court in *People v. Karatz, supra,* affirmed the conviction of Karatz and pronounced the judgment against him a valid judgment.

While it is true that circuit and superior courts and the judges thereof have concurrent jurisdiction with this court in habeas corpus proceedings, that fact, as this court has held, does not authorize those courts or judges thereof to review a judgment of this Court, by the writ of habeas corpus. When this court, in the exercise of its appellate jurisdiction, has determined the validity of a judgment of the lower court, the judges of the circuit and superior courts are bound by that judgment and are without power or authority, by habeas corpus or otherwise, to pass upon its validity. This is not only well settled in this State but is so thoroughly founded on principles of orderly administration of the law that there ought not to be any judge who doubts or is unfamiliar with it."

Many other cases could be cited to the same effect. The law as announced in the Karatz case is controlling here.

The claimant having failed to establish his right to an award by a preponderance of evidence, the complaint is dismissed.

Award denied.