(No. 22793.—

LIBBY, MCNEILL & LIBBY, Appellant, *vs.* WILLIAM J. STRATTON.—(EDWARD J. HUGHES, Secretary of State, Appellee.) *Opinion filed February 21, 1935.*

ALBERT H. & HENRY VEEDER, (MAURICE WEIGLE, of counsel,) for appellant.

OTTO KERNER, Attorney General, (JOSEPH A. LONDRIGAN, of counsel,) for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

Appellant filed its bill in chancery in the circuit court of Sangamon county alleging its existence as a corporation under the laws of Maine; that in February of 1929 it made its written report to the Secretary of State showing its authorized capital, the amount issued, its principal places of business in the United States, the total amount of business transacted within and without the State of Illinois, the total value of its properties within and without the State, and other details required by law for the purpose of determining its annual franchise tax. It further alleged that upon this showing made by its own sworn statement the Secretary of State had ruled that the tax would be $1000 in accordance with the general Corporation act; "that the amount of the franchise tax assessable against this company amounts to only $600.06 instead of $1000," etc. By a second supplemental bill the issues were extended to cover the franchise tax for the year 1930, as to which it was alleged that the proper sum payable was $661.57 instead of $1000. An injunction was prayed pursuant to the provisions of section 2a of the act in relation to the payment of money into the State treasury where payment has been made under protest. (Cahill's Stat. 1933, chap, 127b, par. 35.) The original and supplemental bills each contained, among others, the following prayer: "that on a hearing an appropriate decree may be entered concerning the disposition of said amount so paid as aforesaid," and for general relief.

The statute mentioned above, which authorizes this proceeding in equity, provides, in substance, that when moneys are paid to any department of the State government under protest, the State Treasurer shall keep such money in a special fund, to be known as the protest fund, which is to be

transferred to the appropriate funds in which it would have otherwise been placed had there been no protest, at the expiration of thirty days, unless the party making such payment shall within such period of thirty days file a bill in chancery and secure an injunction restraining the payment until the final order or decree of the court. The proceeding is required to be by bill in chancery, and there is nothing in the act itself limiting the usual and ordinary powers of such a court.

The cause was continued in the circuit court from 1929 until 1934, during which time other litigation was pending which concerned the constitutionality of certain sections of the general Corporation act, all of which ended with the decision of this court in *St. Louis Southwestern Railway Co.* v. *Stratton,* 353 Ill. 273, by which the contentions of appellant in the case at bar were sustained. When the cause was started and when the second supplemental bill was filed the court entered temporary restraining orders in accordance with the prayers. After the decision in the *St. Louis Southwestern case* the cause was disposed of in harmony with our holding in that case. It was found that the Secretary of State was without lawful authority to insist upon payments of $1000 each for the two years in question; that the correct amounts collectible were as alleged in the appellant's bill, and it was ordered that the excess over those amounts be refunded. From this decree, which quite obviously gave the appellant all it was ever lawfully entitled to and all it had ever asked for, this appeal is prayed.

It is urged that there never was any "assessment" of the tax, and that the holding of the trial court that the claim for $1000 was "unlawful" entitled the appellant to a return of the entire sum deposited; that the court was without jurisdiction to correct a void assessment, and that it had no other alternative than to order a return of the full sum. It is stated in the brief that in this case the cir-

cuit court of Sangamon county was "not vested with the general powers of a court of equity," as to which four cases from our own court and one from the Supreme Court of the United States are cited, none of which pass upon that point nor make any such holding. In its reply brief the appellant admits that "the pivotal point" in the case is whether or not an "assessment," in the sense of listing and apportioning property for taxation, is a condition precedent to liability for a franchise tax. Again, on this point as upon the one mentioned above, the appellant cites us to cases entirely without bearing on the issue. The cases of *Ottawa Glass Co.* v. *McCaleb,* 81 Ill. 556, and *People* v. *Hart,* 332 id. 467, which are cited, refer to property—not franchise taxes. Yet even in the *Ottawa Glass Co. case* we said: "The court will not stay a tax which is legal because some portion of it may be illegal and void. The legal portion must be paid without hindrance or obstruction."

The tax here in question is a franchise tax and is so designated in the statute. Such taxes are regarded as being imposed directly by the legislature and an assessment is neither necessary nor possible. *Hagar* v. *Reclamation District No. 108,* 111 U. S. 701; *Grider* v. *Tally,* 77 Ala. 422, 54 Am. Rep. 65; *Foster & Creighton Co.* v. *Graham,* 285 S. W. (Tenn.) 570, 47 A. L. R. 971, 25 R. C. L. 35.

Neither the tax nor the amount of it nor the obligation to pay it arose out of or was in any way controlled by any act of the Secretary of State. His duties were purely ministerial, and but for a difference of opinion as to the proper interpretation of the applicable law the appellant would have paid the tax upon the figures submitted by itself. When that difference arose the appellant chose to take advantage of the act of the legislature intended for its benefit. It paid the entire amount and pursued the equitable remedy, thus risking no penalties and being assured of a judicial determination of its contentions. In return it necessarily offered to do equity. That

offer, which is a condition of every equitable prayer for relief, it would now recant, but we cannot permit its withdrawal. It prayed in its bill that the court should make "an appropriate decree" concerning the disposition of the money paid, and that is exactly what the court has done. There is no cause for complaint and no merit in the appeal from that order.

The decree of the circuit court of Sangamon county will be affirmed.

*Decree affirmed.*