(No. 23229.—

THE CITIZENS WATER WORKS, INC., Appellant, *vs.* EDWARD J. HUGHES, Secretary of State, *et al.* Appellees.

*Opinion filed December 19, 1935.*

MONROE & ALLEN, for appellant.

OTTO KERNER, Attorney General, (JOSEPH A. LONDRIGAN, of counsel,) for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

The appellant was organized as a corporation on February 16, 1924, and on that date paid the Secretary of State $75 as its franchise tax for the remainder of the fiscal year ending June 30, 1924. On May 7, 1924, the Secretary of State mailed a notice of assessment of franchise tax against the appellant for the year commencing July 1, 1924, which tax was not paid, and the appellant was cited to the then Attorney General as delinquent for failure to pay this tax. Thereafter the appellant failed to file any annual report or to pay any franchise tax for the years 1925 to 1935, inclusive. On April 26, 1933, the appellee Edward J. Hughes, the present Secretary of State, certified the appellant to the Attorney General for legal action on account of the delinquency in payment of franchise taxes, and on March 4, 1935, the present Attorney General filed an information in the circuit court of Sangamon county alleging that the appellant had failed to file its reports and to pay its franchise taxes. The petition prayed that the appellant's charter be forfeited. In order to avoid forfeiture of its charter the appellant, under protest, paid the Secretary of State $6178.50, of which $1650 was for delinquent franchise taxes for ten years, $150 penalty for failure to file reports, and $4378.50 as accrued penalties for failure to pay the various franchise taxes. The appellant also filed its annual reports for the ten years in question, and thereafter brought this proceeding under the statute to enjoin the transfer of the moneys so paid under protest to the State Treasurer and for a return of a part thereof which was alleged to have been illegally exacted.

In its complaint the appellant alleges the facts as herein set forth and made certain other allegations from which it claims a benefit. It is alleged that in 1924, upon receipt of notice of assessment of franchise tax, it referred the matter to its legal counsel and was advised that by reason of its acting as an operative agent for the city of Litch-

field it was exempt from property and excise taxes; that in November, 1924, it was certified to the Attorney General as delinquent but that the then Attorney General took no action against the appellant, and that thereafter no other assessments or notices were made or given by the Secretary of State nor any action taken by any Attorney General until that in 1933, as above set forth. The complaint sets forth several sections of the Corporation act in full, and alleges that "with the exception as hereinafter related, the Secretary of State from the time of the incorporation of this company to date hereof, has wholly failed to make any assessment of a franchise tax and to mail notice thereof in writing to plaintiff notifying it of the amount of franchise tax assessed against it for the year next ensuing commencing on July 1, as required by the statutes of this State." It is alleged that no penalties are legally assessable against the appellant because of the failure of the Secretary of State to mail the notice and demand required by statute. The petition offers to do equity in the premises and prays for the customary restraining order and an order for refund of the penalties. A general motion to strike this complaint was granted by the trial court, and the cause is here on direct appeal.

The appellant concedes its obligation to pay the franchise tax for the years in question and also to pay a ten per cent penalty for each of the years for its failure to file annual reports. The only contention made is that penalties amounting to $3537, being at the rate of five per cent per month on the franchise tax provided by the law in force from 1923 to 1933 (Smith's Stat. 1923, chap. 32, sec. 114,) are not collectible by reason of the failure of the then Secretaries of State to mail it notices of tax due, notwithstanding its failure during said years to file annual reports, which are one of the bases of computation of the tax.

The respective parties rely on various sections of the Corporation law as it was prior to 1933 and as amended in

that year. Referring to chapter 32 of Smith's Statutes of 1923, section 105 requires the making of an annual report and the payment of a franchise tax. Section 109 provides that the Secretary of State shall, from the annual report filed, assess a tax at the rate provided, and shall also, from the best information available, assess the same on corporations organized or admitted to do business between the fifteenth day of January and the first day of March. Section 110 provides that if a corporation refuses or fails to file its annual report within the time required, the Secretary of State shall assess a franchise tax based upon the entire authorized capital of the corporation and a ten per cent penalty. Section 112 provides that between the first day of February and the 15th day of May of each year the Secretary of State shall mail a written notice to each corporation of the amount of franchise tax assessed against it for the next ensuing year, and states that "the notice required by this section shall be mailed to the corporation addressed to its post-office address as shown by the records in the office of the Secretary of State. A failure to receive the notice mentioned in this section shall not relieve a corporation of the obligation to pay the annual franchise taxes nor shall it invalidate the assessment of the tax." Section 114 provides that if the tax assessed in accordance with the provisions of the act is not paid on or before July 31, "it shall be deemed to be delinquent, and there shall be added a penalty of five per cent for each month or part of month that the same is delinquent, commencing with the month of August." Section 102 of the act requires the corporation to make a report in writing to the Secretary of State in February of each year, on forms to be prescribed and furnished by the Secretary of State, provides that the Secretary of State shall forward such forms to each corporation of record in his office on or before January 15 of each year, and further provides that the failure to send or receive such forms shall not relieve the

corporation from the duty of making the required report. Certain changes in some of the foregoing sections are provided by the Corporation act of 1933, but the details of such changes have no effect on the result of this litigation and they need not be recited here.

The appellant contends that although liable for the tax it is not liable for the penalties of five per cent per month because of the failure of the Secretary of State to mail notices. It points out that, although the act provides that a failure to receive the notice does not relieve the corporation of its obligation to pay the tax, there is no provision in respect to the failure to mail, and contends that this is a direct implication that the failure to mail the notice would at least relieve the corporation from liability for the penalty.

The appellant seeks to distinguish this case from *Libby, McNeill & Libby* v. *Stratton,* 359 Ill. 398, but in the view which we take of the matter there is no distinction. It concedes that the case cited held that no assessment of the tax by the Secretary of State was necessary, which amounts to a concession of the entire point involved, as it is obvious that the penalty is as directly assessed by the legislature as the tax itself. Indeed, once the tax has become delinquent we can see no way whereby it can be separated from the penalty, which automatically follows as a matter of statutory enactment and which is not within the control or subject to the discretion of any administrative or judicial officer. In the *Libby, McNeill & Libby case* we said: "Neither the tax nor the amount of it nor the obligation to pay it arose out of or was in any way controlled by any act of the Secretary of State. His duties were purely ministerial, and but for a difference in opinion as to the proper interpretation of the applicable law the appellant would have paid the tax upon the figures submitted by itself. When that difference arose the appellant chose to take advantage of the act of the legislature intended for its benefit. It paid the entire amount and pursued the equitable rem-

edy, thus risking no penalties and being assured of a judicial determination of its contentions." In the case at bar the appellant chose the other alternative—*i. e.,* it elected to act upon its legal advice and not pay the tax, thus risking the legal penalties to be incurred. The courts were open to the appellant in 1924 as they are to-day, and it could at that time have sought and secured a judicial determination of its liability to pay the tax. It must be presumed to have known that neither the Secretary of State nor the Attorney General could waive or remit its statutory liability for franchise tax. Its failure to pay was not based upon any lack of notice but on a contention and theory that it was not liable to pay. Presuming the Secretary of State to have done his duty, (and there is no allegation to the contrary,) the appellant each year received by mail the proper blank forms upon which to submit its annual report. These were ignored upon the same mistaken theory of non-liability.

The appellant argues that the penalty should not be imposed because its failure to pay was in good faith, but we do not consider that question properly in issue nor concede it to be material. The action taken was the appellant's deliberate choice among the courses open to it, and it cannot now complain if it selected a wrong one.

The requirement that the Secretary of State give a written notice to each corporation of the amount of its franchise tax and the date the same is due adds nothing to the definite legislative imposition of the tax and the equally definite legislative imposition of a penalty to follow upon delinquency. This provision is directory but not mandatory. It is intended for the benefit and convenience of the tax-payer but certainly not for his relief or advantage.

The decree of the circuit court of Sangamon county will be affirmed.

*Decree affirmed.*