(No. 33066.—
AGRICULTURAL TRANSPORTATION ASSOCIATION *et al.,* Appellants, *vs.* CHARLES F. CARPENTIER, Secretary of State, *et al.,* Appellees.

*Opinion filed December 14, 1953.*

WILLIAM F. FUITEN, and LONDRIGAN & LONDRIGAN, both of Springfield, for appellants.

LATHAM CASTLE, Attorney General, of Springfield, (JOHN L. DAVIDSON, JR., LEE D. MARTIN, and MARK O. ROBERTS, of counsel,) for appellees.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Plaintiffs appealed to the Appellate Court for the Third District from an order of the circuit court of Sangamon County dissolving a temporary injunction and dismissing their suit for want of equity. On motion of the defendants-appellees, the cause was transferred to the Supreme Court on the theory that the Appellate Court was without jurisdiction because revenue is directly involved. After such transfer to the Supreme Court, plaintiffs-appellants filed their motion to transfer the appeal back to the Appellate Court for the Third District on the theory that the Appellate Court was in error in holding the revenue to be directly involved. Defendants-appellees also filed their motion to vacate an order entered by the Appellate Court continuing the temporary injunction in force, pending disposition of the cause, on the theory that such was a void order because

of lack of jurisdiction in the Appellate Court. Said motions have been taken with the case.

The complaint in chancery filed by the plaintiff Agricultural Transportation Association alleged that it had paid under protest certain 1953 truck license fees assessed under the 1951 amendment to the Motor Vehicle Law (Ill. Rev. Stat. 1951, chap. 95½, pars. 9, 12a, and 22,) to the Secretary of State; that a case entitled "Charles F. Mansfield, et al., v. Charles F. Carpentier, as the Secretary of State of the State of Illinois, et al., No. 53-S-5127" was pending in the superior court of Cook County attacking the constitutionality of said amendatory act, wherein one of the plaintiffs was engaged exclusively in interstate commerce; that the United States Supreme Court, in *Bode* v. *Barrett*, 344 U.S. 583, 73 S. Ct. 468, 97 L. ed. 567, refused to pass upon the constitutionality of said amendatory act as applied to such persons engaged exclusively in interstate commerce; that if said amendatory act were adjudged unconstitutional as to such persons it would be unconstitutional as to everyone; that said amendatory act was unconstitutional, specifying therefor the same reasons as were alleged in *Bode* v. *Barrett*, 412 Ill. 204; that if said amendatory act were held unconstitutional in the case then pending in the superior court of Cook County, then the Secretary of State of Illinois would have no legal authority to collect the additional fees thereunder from the plaintiff; that plaintiff sought the return of said funds paid under protest and prayed a temporary injunction against the Secretary of State and the Treasurer of the State of Illinois, pursuant to the provisions of "An Act in relation to the payment and disposition of moneys received for or on behalf of the State" (Ill. Rev. Stat. 1951, chap. 127, par. 172,) restraining transfer of such funds to general State funds until the further order of the court or until the final adjudication of the case pending in the superior court of Cook County, and for such other relief as equity might require.

The temporary injunction was duly issued as prayed without notice and without bond. Subsequently, the complaint was amended to include additional similar payments under protest by the plaintiff and approximately 250 intervening petitioners, and a temporary injunction was likewise issued as to those payments.

A motion to dissolve the injunctions and to dismiss the complaint as amended was made by defendants on the basis that there was no longer any question as to the validity of the amendatory act of 1951, since the decision of the United States Supreme Court in the *Bode case;* that the pendency in the superior court of Cook County of another case did not establish a right on the part of the plaintiff and intervening petitioners (hereinafter called plaintiffs) to the relief prayed, and that the injunctions issued were contrary to the provisions of the act relating to injunctions, (Ill. Rev. Stat. 1951, chap. 69, par. 3,) because they were issued without notice.

The trial court granted the defendants' motion to dismiss the complaint for want of equity but continued the temporary injunction in force for a period of ninety days to permit perfection of an appeal. After the appeal to the Appellate Court for the Third District was perfected, that court, on motion of plaintiffs, continued the injunction in force until final disposition of the cause.

The basic issue presented by this case for adjudiction is whether or not the facts alleged in the complaint and admitted by the motion to dismiss state a cause of action for equitable relief to the plaintiffs therein and a right to a temporary injunction under the provisions of the statute in question. Before considering such basic issue, however, we must consider the motion challenging the jurisdiction of this court on a direct appeal.

Section 75 of the Civil Practice Act (Ill. Rev. Stat. 1953, chap. 110, par. 199,) provides that appeals shall be taken directly to the Supreme Court in all cases relating

to revenue. In this case, an injunction is prayed restraining the defendants, as Secretary of State and Treasurer of the State of Illinois, from transferring to the State road fund certain moneys paid to them under a licensing statute of the State, and the ultimate relief sought is the return of such moneys to the plaintiffs. The injunctive relief prayed is merely incidental to the ultimate relief of the return of moneys to which the State asserts a right under a licensing statute. The receipt or loss of revenue by the State is directly dependent upon the outcome of this litigation. As held by this court in *Majestic Household Utilities Corp.* v. *Stratton,* 353 Ill. 86, even though only an interpretation of a statute is involved, a direct appeal to the Supreme Court because the case relates to revenue is warranted in a suit to recover a tax paid under protest, a preliminary injunction having issued restraining the further disposition of such funds until further order of the court under the statute here involved. In numerous other cases involving a question as to the right to recover moneys paid under protest, where injunctions in respect thereto have been issued under the provisions of the same statute here in question, direct appeals have been taken to this court from the trial court decree without the jurisdiction of the Supreme Court being questioned, although there was no other basis in such cases for jurisdiction of the court therein except the involvement of revenue. (*Ward & Co.* v. *Stratton,* 342 Ill. 472; *St. Louis Southwestern Railway Co.* v. *Stratton,* 353 Ill. 273; *Libby, McNeil & Libby* v. *Stratton,* 359 Ill. 398.) The Appellate Court for the Third District properly granted defendants' motion to transfer the cause to this court, and plaintiffs' motion to transfer the cause back for want of jurisdiction is denied.

The statute mentioned above, which authorizes this type of proceeding in equity, provides in substance that when moneys are paid to any department or officer of the State government under protest, such department or officer shall

so notify the State Treasurer, who shall place such money in a special fund to be known as the "protest fund," and which money is to be transferred to the appropriate funds in which it would otherwise have been placed had there been no protest, at the expiration of thirty days, unless the parties making such payment under protest shall, within such period of thirty days, file a complaint in chancery and secure an injunction restraining such payment until the final order or decree of the court. The proceeding is required to be by bill in chancery, and the statute specifies that such judicial remedy shall relate only to questions which must be decided by the court in determining the proper disposition of the moneys paid under protest.

Plaintiffs' position is that they are entitled to have the temporary injunctions remain in force until there is a final adjudication of the constitutionality of the 1951 amendment to the Illinois Motor Vehicle Act in the Mansfield litigation pending in the superior court of Cook County. Although, in the body of their complaint, the plaintiffs state that they seek the return of the funds paid under protest, the prayer of said complaint is limited to the issuance of a temporary injunction until final adjudication of the Mansfield case in the superior court of Cook County, and for such other relief as equity may require. The facts alleged in the complaint and admitted by the motion to dismiss which plaintiffs claim give rise to such right to relief are that the plaintiffs had paid 1953 truck license fees under protest; that in the Mansfield case one of the plaintiffs was engaged exclusively in interstate commerce; that the United States Supreme Court had refused to pass upon the constitutionality of the amendatory act as applied to such persons; that if the amendatory act was held unconstitutional in the Mansfield case, then it was unconstitutional as to everyone and they would therefore be entitled to a refund of the fees paid under protest. Nowhere in the complaint is it alleged that the plaintiffs herein are

engaged exclusively in interstate commerce or occupy the same positions as plaintiffs in the Mansfield case pending in the superior court of Cook County. The only challenge presented by the complaint to the right of the State to collect the license fees in question is an attack on the constitutionality and legality of the 1951 amendatory act to the Illinois Motor Vehicle Law on the identical grounds alleged in *Bode* v. *Barrett,* 412 Ill. 204. The action of the trial court in dismissing the complaint for want of equity is, in effect, a holding that the complaint, on its face, fails to state any facts which, as a matter of law, entitle the plaintiffs to a return of the moneys paid under protest.

Plaintiffs rest their claimed right to an injunction on the statute and the *St. Louis Southwestern Railway Co.* and *Libby, McNeil & Libby cases.* It is true that a taxpayer cannot assert any claim for refund even though taxes are paid under protest, unless he obtains and serves the injunction provided for by this statute within thirty days after such payment under protest. (*Ward & Co.* v. *Stratton,* 342 Ill. 472.) It is also true that while the *St. Louis Southwestern Railway Co. case* was pending, in which the validity of certain sections of the General Corporation Act assessing franchise taxes on foreign corporations was challenged, many other taxpayers, including Libby, McNeil & Libby, paid the tax called for to be paid under protest and obtained temporary injunctions until the final disposition of the *St. Louis Southwestern Railway Co. case.* However, an examination of the *St. Louis Southwestern Railway Co. case,* the *Libby, McNeil & Libby case,* and the other cases in which such temporary injunctions were obtained, discloses that the *Southwestern Railway Co. case* was a case of first impression filed in the circuit court of Sangamon County and that the other cases were likewise filed in the circuit court of Sangamon County and raised identical issues. Under such circumstances, a court takes judicial notice of other cases pending in its own court and a tem-

porary injunction is properly issued under the provisions of the statute here in question to preserve the rights of the plaintiffs pending final determination of the issues involved.

In the instant case, however, plaintiffs based their ultimate right to recovery on charges of unconstitutionality identical to those raised in the same court in *Bode* v. *Barrett* and determined adversely to their claims in the final adjudication of those issues by this court in *Bode* v. *Barrett,* 412 Ill. 204, and by the United States Supreme Court in *Bode* v. *Barrett,* 344 U.S. 583, 73 S. Ct. 468, 97 L. ed. 567. If the plaintiffs, during the pendency of the *Bode* v. *Barrett case,* had paid the taxes in question under protest and filed their complaint in chancery in the circuit court of Sangamon County for a temporary injunction and refund of said tax moneys, there is no question but that the plaintiffs would have been entitled to their temporary injunction until the final adjudication of the issues involved by the United States Supreme Court. However, such action was not necessary, because the *Bode* v. *Barrett case* involved an injunction restraining the State officials from enforcing the terms of the amendatory act in behalf of all taxpayers pending final adjudication in the case.

Plaintiffs say, however, that the complaint shows that a fairly debatable constitutional question is presented in the Cook County case by a person exclusively engaged in interstate commerce, that such fact constitutes sufficient foundation for injunctive relief in the circuit court of Sangamon County, and that such proceeding for injunction is merely a collateral proceeding to maintain the *status quo* pending final adjudication of the matter pending in the other court. As heretofore noted, the statute providing for the filing of the complaint in chancery and for a temporary injunction specifies that such remedy shall relate only to questions which must be decided by the court in determining the proper disposition of the moneys paid under protest. It is clear that such statutory provision con-

templates the court in which the chancery cause is pending making an adjudication and determination as to the rights of the plaintiffs in that litigation to the moneys paid by them under protest. The statute does not contemplate that the proceeding shall be merely collateral to other litigation in the same or other courts, but shall be a chancery proceeding to directly determine the ultimate disposition of the moneys paid under protest by the plaintiffs therein. The identical constitutional issues raised by the complaint in question have previously been adjudicated in the *Bode v. Barrett case* and, therefore, there are no debatable constitutional issues under the complaint. In the *Bode case,* this court specifically held that the 1951 amendatory act in question did not violate the commerce provision of the Federal constitution and said, "Indeed, even when the tax is imposed upon a nonresident and wholly with respect to interstate commerce, a State may tax the full measure of the privilege granted regardless of how little the privilege is exploited." Even if there were a fairly debatable constitutional question pertaining to the action in the Mansfield litigation pending in Cook County, which question, of course, is not here passed upon, the plaintiffs in this litigation are not shown to occupy any position different from those in the *Bode case,* nor are any facts alleged in the complaint which would prevent our holding in the *Bode case* from being applied to them. Where the Supreme Court has declared the law on any point, it alone can overrule and modify its previous opinion, and the lower judicial tribunals are bound by such decision and it is the duty of such lower tribunals to follow such decision in similar cases. (*Rogers Park Water Co.* v. *Chicago,* 131 Ill. App. 35; *Hannigan* v. *Chicago Motor Coach,* 348 Ill. App. 473; *Quitman* v. *Chicago Transit Authority,* 348 Ill. App. 481.) Inasmuch as the only issues raised by the complaint as a basis of plaintiffs' claimed right to a return of the money paid under protest were the identical constitutional issues

raised and finally adjudicated by this court and the Supreme Court of the United States on appeal from the same trial court, the trial court was obligated and under a duty to follow such previous decision in the *Bode case* and properly dismissed plaintiffs' complaint for want of equity.

Inasmuch as the complaint in this case raises no facts which are different from those in the *Bode case* and issues identical to those in that case are presented in the complaint with no new argument or authorities thereon, our decision in the *Bode case* is controlling in this case and the decision of the trial court is affirmed.

The 1951 amendatory act to the Illinois Motor Vehicle Act having been held constitutional by this court and the Supreme Court of the United States, it follows that the taxes due the State of Illinois thereunder should be paid and further injunctive delay in this case is unwarranted. The order of the circuit court of Sangamon County and the order of transference of the Appellate Court for the Third District are affirmed.

> *Circuit court affirmed;*
> *Appellate Court order of transference affirmed.*