(No. 33643.—

THE DEPARTMENT OF REVENUE, Appellant, *vs.* SHORE LINE PETROLEUM COMPANY, Appellee.

*Opinion filed November 23, 1955*

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, of counsel,) for appellant.

Mr. JUSTICE DAVIS delivered the opinion of the court:

This is an appeal from the judgment of the superior court of Cook County dismissing a complaint for the recovery of penalties arising under the Retailers' Occupation Tax Act. (Ill. Rev. Stat. 1953, chap. 120, pars. 440 *et seq.*) The case involves a question of revenue and is brought here on direct appeal. *Department of Finance* v. *Goldberg,* 370 Ill. 578.

The case below was decided on the pleadings. The complaint alleged that the defendant was engaged in the business of selling tangible personal property at retail; that it thereby became the duty of the defendant to file a return and pay the tax due to plaintiff on or before the fifteenth day of the following month for which a tax was due. It was further alleged that defendant did not file and pay the tax when due, but filed and paid the tax late as follows: June, 1952, filed and paid, July 23, 1952; November, 1952, filed and paid January 13, 1953; February, 1953, filed and paid March 26, 1953; December, 1953, filed and paid January 30, 1954; and November, 1953, filed and paid January 18, 1954; and that by the late filings as set forth, the defendant became liable for penalties in the amount of $357.61, which it has refused to pay. The complaint was filed July 20, 1954. Defendant filed a pleading denominated an answer, generally denying liability, stating that such a suit cannot be based on penalties alone and generally asserting the defense of the Statute of Limitations. Thereafter, pursuant to notice, defendant appeared and moved that the complaint be dismissed. No further

written pleading appears to have been filed, but the trial court dismissed the complaint on the ground that the plaintiff's cause of action was based solely on penalties. From this judgment the plaintiff, Department of Revenue, appeals. Defendant has not appeared or filed a brief in this court.

On the record here, a single question is presented. Can an action be brought to collect the statutory penalties under the Retailers' Occupation Tax Act when the principal amount of the tax has been paid after due? The applicable provisions of the statute are as follows:

"Sec. 3. On or before the fifteenth day of each calendar month, every person engaged in the business of selling tangible personal property at retail in this State during the preceding calendar month shall file a return with the Department, * * *." Ill. Rev. Stat. 1953, chap. 120, par. 442.

"Sec. 5. In case any person engaged in the business of selling tangible personal property at retail shall fail to file a return when and as herein required, but shall thereafter, prior to notice by the Department of a proposed assessment under this Section, file a return and pay the tax, he shall also pay a penalty of ten (10) per cent of the amount of the tax. * * *

"In case of failure to pay the tax, or any portion thereof, or any penalty provided for in this Act, when due, the Department may recover the amount of such tax, or portion thereof, or penalty in an action at law in any court of record of competent jurisdiction; * * *." Ill. Rev. Stat. 1953, chap. 120, par. 444.

While the precise question raised here has not been decided by this court, the constitutionality of the Retailer's Occupation Tax Act is well settled. (*Modern Dairy Co.* v. *Department of Revenue,* 413 Ill. 55; *Norton Co.* v. *Department of Revenue,* 405 Ill. 314; *People* v. *Werner,* 364 Ill. 594; *Reif* v. *Barrett,* 355 Ill. 104.) There is nothing in the record in the case at bar that suggests any improper

imposition of the tax upon the business of the defendant. The power of the legislature to provide penalties to aid administration and insure collection of taxes has long been uniformly recognized. *Department of Finance* v. *Gandolfi,* 375 Ill. 237; *People ex rel. Rice* v. *Wilson Oil Co.* 364 Ill. 406; *Citizens Water Works, Inc.* v. *Hughes,* 362 Ill. 136; *People ex rel. Miller* v. *Chicago, Burlington and Quincy Railroad Co.* 306 Ill. 62.

We can find nothing in the statutory language to absolve the defendant taxpayer from the assessment of the penalty by reason of the late filing and payment of the principal amount of the tax, nor can we find that the penalty imposed by the act is unreasonable or oppressive. We therefore find that the complaint stated a good cause of action for the collection of the penalty, even though the tax has been paid.

While the record before us is not as clear as we might desire, it appears that the judgment was entered dismissing the complaint upon oral motion of the defendant. On this state of the record we must accordingly reverse and remand the cause with directions to deny defendant's motion to dismiss. The question of the Statute of Limitations was not ruled upon by the trial court and is not before us on this appeal.

*Reversed and remanded, with directions.*