NOTICE
Decision filed 09/11/15. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2015 IL App (5th) 140468

NO. 5-14-0468

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 97-CF-430 |
| | ) | |
| BRANDON CRAIGHEAD, | ) | Honorable |
| | ) | John Baricevic, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion.
Justices Welch and Chapman concurred in the judgment and opinion.

**OPINION**

¶ 1    The State appeals from an order of the circuit court of St. Clair County granting the postconviction request of defendant, Brandon Craighead, for a new sentencing hearing. The issues raised in this appeal are: (1) whether defendant's postconviction petition was timely filed and (2) whether *Miller v. Alabama*, 567 U.S. ___, 132 S. Ct. 2455 (2012), retroactively applies to cases on collateral review. We affirm.

¶ 2                              BACKGROUND

¶ 3    After a jury trial, defendant was convicted of two counts of first-degree murder for the April 17, 1997, murders of Martin and Judy Dotson. Defendant, age 16 at the time of

1

the murders, was tried as an adult pursuant to section 5-4(6)(a) of the Juvenile Court Act of 1987 (705 ILCS 405/5-4(6)(a) (West 1996)). On March 6, 2000, the trial court sentenced defendant to natural life in prison pursuant to section 5-8-1(a)(1)(c)(ii) of the Unified Code of Corrections, which required a mandatory natural life sentence for any defendant, "irrespective of the defendant's age at the time of the commission of the offense, [who] is found guilty of murdering more than one victim." 730 ILCS 5/5-8-1(a)(1)(c)(ii) (West 1996). On direct appeal, this court affirmed defendant's convictions and sentence. *People v. Craighead*, No. 5-00-0198 (2003) (unpublished order under Supreme Court Rule 23). Our Illinois Supreme Court denied leave to appeal on June 4, 2003. *People v. Craighead*, 204 Ill. 2d 667, 792 N.E.2d 309 (2003) (table).

¶ 4 On October 4, 2004, defendant filed a *pro se* postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2004)). On October 26, 2004, the trial court found the petition stated the gist of a constitutional claim, appointed counsel, and ordered an amended petition be filed by December 23, 2004. Without objection by the State, counsel sought additional time to file an amended petition. A first amended petition was filed on August 13, 2009.

¶ 5 The State filed a motion to dismiss on, *inter alia*, grounds of untimeliness, alleging the last day for defendant to file a postconviction petition was March 2, 2004. In response, defense counsel filed a motion to excuse late filing, alleging the late filing was not due to defendant's culpable negligence. After a hearing in January 2011, the trial court denied the State's motion to dismiss on grounds of untimeliness. The State did not file a motion to reconsider.

¶ 6   Defense counsel sought additional time to file a second amended petition and, later, a third amended petition, both without objection by the State.  Both amended petitions incorporated *Miller v. Alabama*, which holds that a mandatory imposition of a life sentence without parole on a person under the age of 18 at the time of the offense violates the eighth amendment's prohibition against cruel and unusual punishment. *Miller*, 567 U.S. at __, 132 S. Ct. at 2460.  Defendant supplemented his petition with a copy of *People v. Davis*, 2014 IL 115595, 6 N.E.3d 709, which holds *Miller* applies retroactively to cases on collateral review.

¶ 7   The State filed a motion to dismiss defendant's third amended postconviction petition, alleging, *inter alia*, each of defendant's arguments was either refuted by or not supported by the record or by affidavit, and all claims were barred for a variety of procedural reasons.  The State sought to preserve for appellate review the trial court's January 2011 hearing on timeliness and the retroactivity of *Miller*.  The State acknowledged *Davis*, but asserted it was raising the retroactivity argument "in the likely event that this issue is decided by the United States Supreme Court, given the fact that other state high courts have ruled that *Miller* does not apply retroactively."

¶ 8   The trial court held a hearing, and the issue of retroactivity of *Miller* advanced to the third stage, while the remaining issues remained at the second stage of postconviction proceedings.  On August 28, 2014, the trial court entered an order finding defendant was entitled to a new sentencing hearing pursuant to *Miller* and *Davis*, but all other issues were either "waived" or "without merit."  The trial court also found the State preserved the timeliness issue for appeal.  The State now appeals.

3

¶ 9                                    ANALYSIS

¶ 10    The first issue raised on appeal is whether defendant's postconviction petition was timely filed. The State argues the trial court should have dismissed defendant's postconviction petition as untimely where he failed to prove lack of culpable negligence for the late filing, and it raises five specific contentions as to why defendant failed to meet his burden of proving he lacked culpable negligence in the late filing. On the other hand, defendant insists the two issues raised by the State on appeal are intertwined. Defendant contends we are not confined to the trial court's precise ruling made on January 19, 2011, finding a lack of culpable negligence excused the delay and urges us to consider the overall circumstances, including significant changes in both state and federal law affecting defendant's initial petition, which remained pending in the trial court for nearly a decade. We agree with defendant and, therefore, consider both the timeliness issue and the issue of the retroactivity of *Miller* to cases on collateral review together.

¶ 11    A postconviction action is a collateral attack on a prior conviction and sentence and " 'is not a substitute for, or an addendum to, direct appeal.' " *People v. Simmons*, 388 Ill. App. 3d 599, 605, 903 N.E.2d 437, 444 (2009) (quoting *People v. Kokoraleis*, 159 Ill. 2d 325, 328, 637 N.E.2d 1015, 1017 (1994)). The Act contemplates the filing of only one postconviction petition, and obtaining leave of the court is a condition precedent to the filing of a successive postconviction petition. *Simmons*, 388 Ill. App. 3d at 605, 903 N.E.2d at 444-45. The purpose of a postconviction proceeding is to allow inquiry into constitutional issues relating to the conviction or sentence that were not and could not

4

have been determined on direct appeal. *People v. Barrow*, 195 Ill. 2d 506, 519, 749 N.E.2d 892, 901 (2001).

¶ 12 The Act provides for up to three stages of postconviction proceedings. *People v. Pendleton*, 223 Ill. 2d 458, 471-72, 861 N.E.2d 999, 1007-08 (2006). At the first stage, the circuit court has 90 days to examine the petition and to determine, without input from the State, whether it is frivolous or patently without merit, and, if so, to summarily dismiss it. 725 ILCS 5/122-2.1(a)(2) (West 2004). If the petition is not dismissed at the first stage or if the circuit court fails to rule on it in 90 days, it proceeds to the second stage. 725 ILCS 5/122-2.1(b) (West 2004). At the second stage, the circuit court must determine whether the petitioner is indigent, and, if so, whether he or she wishes to have counsel appointed. 725 ILCS 5/122-4 (West 2004). After appointed counsel makes any necessary amendments to the petition, the State may file a motion to dismiss. 725 ILCS 5/122-5 (West 2004). To survive a second stage dismissal, the petitioner must make a substantial showing of a constitutional violation. *People v. Quigley*, 365 Ill. App. 3d 617, 618, 850 N.E.2d 903, 905 (2006). The circuit court must accept as true all of the petition's well-pleaded facts. *People v. Coleman*, 183 Ill. 2d 366, 380, 701 N.E.2d 1063, 1071 (1998). If a substantial showing is not made, the petition is dismissed; if a substantial showing is made, the proceeding advances to the third stage and an evidentiary hearing. *Coleman*, 183 Ill. 2d at 381-82, 701 N.E.2d at 1072.

¶ 13 The instant case presents a unique set of circumstances. In 2004, defendant filed a *pro se* postconviction petition. The first stage followed schedule in that within 90 days of the filing, the circuit court (1) found defendant raised the gist of a constitutional claim,

(2) appointed counsel, and (3) ordered the petition amended. The proceedings then went awry, with continuances and failure to address the underlying issues presented in the petition, resulting in a 10-year second stage. However, during those 10 years, case law developed which further supported defendant's initial contention that his mandatory natural life sentence was unconstitutional because the sentencing judge was precluded from considering his status as a juvenile.

¶ 14    We point out that time is not an inherent element of the right to bring a postconviction petition and the time limitations provided in the Act are to be considered affirmative defenses that can be raised, waived, or forfeited by the State. *People v. Boclair*, 202 Ill. 2d 89, 101, 789 N.E.2d 734, 742 (2002). The State raised the issue of timeliness; therefore, defendant was required to allege "facts showing that the delay was not due to his *** culpable negligence." 725 ILCS 5/122-1(c) (West 2004). Here, the trial court found that a lack of culpable negligence excused the delay in filing.

¶ 15    It is well settled "that the Act must be liberally construed to afford a convicted person an opportunity to present questions of deprivation of constitutional rights." *People v. Correa*, 108 Ill. 2d 541, 546, 485 N.E.2d 307, 308 (1985) (citing *People v. Pier*, 51 Ill. 2d 96, 98, 281 N.E.2d 289, 290 (1972)). The record shows the State did not file a motion to reconsider the January 19, 2011, ruling. The State did, however, ask to have the issue "preserved" for review. Nevertheless, when defense counsel sought additional time to file a second amended petition, ultimately filed on December 20, 2012, the State did not object.

6

¶ 16    On June 25, 2012, *Miller* was decided.  Defense counsel amended the petition by incorporating *Miller*.  On July 1, 2014, approximately three months after our supreme court's decision in *Davis*, which recognized the "new substantive rule" established in *Miller*, and held it applies retroactively, defense counsel amended the petition by supplementing it with a copy of *Davis*.  The circuit court conducted a hearing and entered a written order on August 28, 2014, ordering a new sentencing hearing.  While we agree with the trial court that there is a lack of culpable negligence on the part of defendant which excuses the delay in filing, even assuming *arguendo* the circuit court incorrectly ruled on that issue on January 19, 2011, we cannot ignore defendant's new claim based upon *Davis*.

¶ 17    In general, a "claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived."  725 ILCS 5/122-3 (West 2012).  However, an exception to the waiver language contained in section 122-3 will be made in cases in which fundamental fairness requires such an exception.  See *People v. Pitsonbarger*, 205 Ill. 2d 444, 459, 793 N.E.2d 609, 621 (2002).  *Pitsonbarger* adopted the cause-and-prejudice test as the tool for determining whether fundamental fairness allows for the relaxation of the waiver rule contained in section 122-3 of the Act.  The cause-and-prejudice test adopted by our supreme court in *Pitsonbarger* and codified in section 122-1(f) of the Act states:

"Only one petition may be filed by a petitioner under this Article without leave of the court.  Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction

7

proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2012).

Here, the new substantive rule proclaimed in *Miller* establishes cause because it was not available earlier to counsel. Prejudice is established because the new rule has been deemed by our supreme court to apply retroactively. *Davis*, 2014 IL 115595, ¶ 42, 6 N.E.3d 709. Therefore, we agree with defendant that even if the trial court erred in its January 19, 2011, ruling and the trial court should have dismissed defendant's postconviction petition as untimely filed, defendant's third amended petition nevertheless warrants relief as a successive petition.

¶ 18    In *Davis* our supreme court firmly established that *Miller* applies retroactively to cases on collateral review. Nevertheless, the State asks us to hold our decision in this case in abeyance because the United States Supreme Court accepted *certiorari* in a case from Louisiana, *Montgomery v. Louisiana*, ___ U.S. ___, 135 S. Ct. 1546 (2015), which will consider the issue of the retroactivity of *Miller*. We decline the State's request to hold our decision in abeyance.

¶ 19    Where our supreme court has declared the law on any point, it alone can modify or overrule its previous opinion, and the appellate districts are bound to follow such

8

decision.  *Agricultural Transportation Ass'n v. Carpentier*, 2 Ill. 2d 19, 27, 116 N.E.2d 863, 867 (1953).  Our supreme court's decision in *Davis* is clear, and it is binding on us. Accordingly, defendant is entitled to a new sentencing hearing.

¶ 20    For the foregoing reasons, we hereby affirm the judgment of the circuit court of St. Clair County and remand for a new sentencing hearing pursuant to *Miller* and *Davis*.


¶ 21    Affirmed and remanded.

2015 IL App (5th) 140468

NO. 5-14-0468

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

THE PEOPLE OF THE STATE OF ILLINOIS,       )       Appeal from the
                                           )       Circuit Court of
        Plaintiff-Appellant,               )       St. Clair County.
                                           )
v.                                         )       No. 97-CF-430
                                           )
BRANDON CRAIGHEAD,                         )       Honorable
                                           )       John Baricevic,
        Defendant-Appellee.                )       Judge, presiding.
_____

**Opinion Filed:**        September 11, 2015
_____

**Justices:**        Honorable Richard P. Goldenhersh, J.

                     Honorable Thomas M. Welch, J., and
                     Honorable Melissa A. Chapman, J.,
                     Concur
_____

**Attorneys**       Hon. Brendan F. Kelly, State's Attorney, St. Clair County Courthouse,
**for**             10 Public Square, Belleville, IL 62220, Patrick Delfino, Director,
**Appellant**       Stephen E. Norris, Deputy Director, Jennifer Camden, Staff Attorney,
                    Office of the State's Attorneys Appellate Prosecutor, 730 East Illinois
                    Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864
_____

**Attorneys**       Michael J. Pelletier, State Appellate Defender, Ellen J. Curry, Deputy
**for**             Defender, Alexander G. Muntges, Assistant Appellate Defender, Office
**Appellee**        of the State Appellate Defender, Fifth Judicial District, 909 Water
                    Tower Circle, Mt. Vernon, IL 62864
_____