(No. 50443

MARILYN ADLER *et al.*, Appellants, v. ILLINOIS BELL TELEPHONE COMPANY *et al.*, Appellees.

*Opinion filed September 19, 1978.*

KLUCZYNSKI, J., took no part.

Max & Herman Chill, P.C., of Chicago (Max Chill, Herman Chill, and Donald B. Garvey, of counsel), for appellants.

James R. Bryant, Jr., and Edward Butts, of Chicago, for appellee Illinois Bell Telephone Company.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Edmund Hatfield, Assistant Corporation Counsel, of counsel), for appellees Thomas J. Davies *et al.*

MR. JUSTICE CLARK delivered the opinion of the court:

This case involves a challenge to the constitutionality of the city of Chicago's transmission of messages tax ordinance (Municipal Code of Chicago, sec. 132.30 *et seq.*). Plaintiffs, Marilyn and Leonard Adler (individually, and as representatives of a class of persons similarly situated), brought this action in the circuit court of Cook

County, claiming *inter alia* (1) that the ordinance's exemption of interstate phone calls from the tax is an unreasonable classification which denied plaintiffs the equal protection of the laws; (2) that the ordinance was, on its face, unconstitutionally vague and indefinite; and (3) that the ordinance was an unconstitutional delegation of legislative authority. After an interlocutory appeal involving these and other issues (*Adler v. Illinois Commerce Com.* (1977), 52 Ill. App. 3d 167), the circuit court dismissed the complaint for failure to state a cause of action. Plaintiffs filed a notice of appeal to the appellate court, and we granted the defendant city officials' motion to transfer the case directly here pursuant to Supreme Court Rule 302(b) (58 Ill. 2d R. 302(b)). We affirm.

The city's ordinance is not, on its face, limited to intrastate calls. However, no claim is made in this court that the ordinance is not being enforced as written, nor that the ordinance exceeds the authority granted by the General Assembly. Rather, plaintiffs claim that the distinction between interstate and intrastate calls is an unconstitutional one, and that the language of the ordinance is vague, indefinite, and an "unconstitutional delegation of legislative authority to the City of Chicago because it delegates to the City authority to define what calls are subject to the tax." None of these contentions withstand scrutiny.

Distinguishing between interstate and intrastate telephone calls does not necessarily violate either the fourteenth amendment to the United States Constitution or section 2 of article IX of our constitution (Ill. Const. 1970, art. IX, sec. 2). The city well might seek to favor such commerce to attract business to the city. The city also could find the administration of a tax upon interstate calls unduly burdensome. Either consideration would justify the distinction in question; neither consideration is

rebutted by plaintiffs' pleadings, which therefore fail to state a cause of action as to this question. See *Williams v. City of Chicago* (1977), 66 Ill. 2d 423, 432-33.

Neither have plaintiffs pleaded facts establishing that the ordinance is unconstitutionally vague and therefore an unlawful delegation of the legislative authority of the city council to city officers. As this court observed in *Paper Supply Co. v. City of Chicago* (1974), 57 Ill. 2d 553, 580:

"Plaintiffs have attacked several provisions of the ordinance which, they argue, are void for vagueness, indefiniteness and uncertainty. In this ordinance, as in many ordinances and statutes, the provisions contain general language, and the variety of interpretations suggested is limited only by the ingenuity of counsel who attack them. This case is before us on the pleadings in declaratory judgment actions, and upon examination of the ordinance we conclude that there is no basis to anticipate that application of the provisions here attacked will present any undue difficulty. Should a set of facts present itself under which enforcement of the ordinance results in a deprivation of equal protection or due process, the matter can be adjudicated at that time."

For the foregoing reasons, the judgment of the circuit court is affirmed.

*Judgment affirmed.*

MR. JUSTICE KLUCZYNSKI took no part in the consideration or decision of this case.