SUPER LIQUORS, INC., Plaintiff-Appellant, *v.* ILLINOIS LIQUOR CONTROL COMMISSION *et al.*, Defendants-Appellees.

Third District   No. 82—387

Opinion filed March 10, 1983.

Steven H. Vogel, of Peoria, for appellant.

Tyrone C. Fahner, Attorney General, of Springfield (Imelda R. Terrazino, Assistant Attorney General, of counsel), for appellees.

PRESIDING JUSTICE STOUDER delivered the opinion of the

court:

The circuit court of Peoria County granted defendants', the Illinois Liquor Control Commission *et al.*, motion to strike resulting in the dismissal of the plaintiff's, Super Liquors, Inc., complaint, which sought declaratory and injunctive relief in connection with the credit restrictions on the sale of beer set forth in section 4 of article VI of the Liquor Control Act (Ill. Rev. Stat. 1981, ch. 43, par. 122), by reason of alleged violations of due process, equal protection and the antitrust laws.

Section 4 of article VI of the Liquor Control Act (Ill. Rev. Stat. 1981, ch. 43, par. 122) provides, in pertinent part, that it is unlawful for (1) a manufacturer or distributor of an alcoholic liquor other than beer to extend credit to a retailer other than merchandising credit in the ordinary course of business for a period not in excess of 30 days, (2) a manufacturer or distributor of beer to extend credit to a retailer or, (3) a manufacturer of beer to extend credit to a distributor other than for a period not in excess of 15 days.

The plaintiff, retailer of alcoholic liquor including beer, brought a declaratory judgment action in order to determine whether section 4 of article VI of the Liquor Control Act was violative of the equal protection and due process clauses of the constitutions of the State of Illinois and the United States as well as section 1 of the Sherman Antitrust Act (15 U.S.C. sec. 1 (1976)). The complaint further sought an order enjoining the defendants from enforcing this statute on the basis of its invalidity.

More specifically, the plaintiff alleged that the statute discriminates against retail licensees of beer requiring them to buy beer for cash while permitting retail licensees of alcohol, spirits and wine to purchase such beverages on 30 days credit, that it discriminates against retail licensees of beer by requiring them to purchase beer for cash while permitting distributors of beer to purchase same on credit, that it is violative of due process in that it interferes with the plaintiff's right to freely contract for credit terms in the purchase of beer and that it fixes the amount of credit available to a retailer of beer, thereby eliminating competition among distributors and manufacturers of beer resulting in a *per se* violation of section 1 of the Sherman Antitrust Act (15 U.S.C. sec. 1 (1976)).

In response, the defendants moved to strike the complaint. As to the allegations of unconstitutionality, the defendants asserted that the matter had been previously determined in favor of the enactment in *Weisberg v. Taylor* (1951), 409 Ill. 384, 100 N.E.2d 748, and as to allegations of an antitrust violation, the defendants asserted the defense

of State action immunity as established in *Parker v. Brown* (1943), 317 U.S. 341, 87 L. Ed. 315, 63 S. Ct. 307. The motion to strike was granted and the cause was dismissed.

The plaintiff filed a motion to vacate the judgment asserting that the dismissal of the complaint as a matter of law deprived the plaintiff of an opportunity to present evidence which, if believed, would establish a right to prevail in the action. The plaintiff argued that, as to the constitutional issues, there had been sufficient factual charges since the *Weisberg* case mandating results different from that rendered in *Weisberg*. As to the antitrust immunity claim, the plaintiff alleged that section 4 of article VI of the Liquor Control Act did not provide for active supervision of the substantive aspects of that statute and, thus, the defendants were not entitled to antitrust immunity. The motion to vacate was denied.

The issues presented for review are (1) whether the constitutionality of section 4 of article VI of the Liquor Control Act (Ill. Rev. Stat. 1981, ch. 43, par. 122) was a proper subject for a motion to strike in view of the fact that the plaintiff was precluded from presenting evidence as to the inapplicability of *Weisberg v. Taylor* (1951), 409 Ill. 384, 100 N.E.2d 748 and (2) whether the granting of a motion to strike with reference to the claimed antitrust violation was error in that the plaintiff was precluded from presenting evidence to show that section 4 of article VI of the Liquor Control Act (Ill. Rev. Stat. 1981, ch. 43, par. 122) failed to fall within the State action immunity doctrine.

The Illinois Supreme Court in *Weisberg v. Taylor* (1951), 409 Ill. 384, 100 N.E.2d 748, has decided the constitutionality of section 4 of article VI of the Liquor Control Act. In *Weisberg*, a retail liquor dealer and a wholesale beer distributor filed suit against the Illinois Liquor Control Commission seeking a declaratory judgment that section 4 of article VI of the Liquor Control Act (Ill. Rev. Stat. 1949, ch. 43, par. 122) was unconstitutional. A motion to dismiss the suit filed by the Attorney General on behalf of the Liquor Control Commission was allowed.

The plaintiff in *Weisberg* contended, among other things, that section 4 of article VI of the Liquor Control Act was violative of the fourteenth amendment to the Constitution of the United States for the reason that its provisions were arbitrary, unreasonable, confiscatory and did not involve or bear any relationship to the health, safety or welfare of the people; that it was an improper exercise of police power; that it created an arbitrary and discriminatory classification and that it discriminated against retail licensees in requiring them to

buy beer for cash while permitting distributors to purchase the same on credit.

The supreme court, in upholding the trial court's dismissal, stated that the statute's credit restrictions were apparently designed by the State legislature to control temperance and, therefore, were conductive to the public welfare, even though the court doubted the statute would accomplish its intended result. In addition the court found the classifications created by the statute were reasonable and not discriminatory, relating the historical evils of "tied houses" to localized breweries more so than to nationwide distilleries and finding that the application of the statute fell equally upon all members of distinct and separate classes, that of retailers and that of distributors.

■■ ■ Where the supreme court has declared the law on any point, it alone can overrule or modify its previous opinion, the lower judicial tribunal being bound to follow such decision in similar cases. (*Agriculture Transportation Association v. Carpentier* (1953), 2 Ill. 2d 19, 116 N.E.2d 863.) In the case at hand we believe that the issue of constitutionality decided by the trial court in allowing the defendants' motion to strike are identical to those decided in the *Weisberg* case. We are therefore bound to follow the *Weisberg* decision and uphold the trial court's allowance of the defendants' motion to strike and subsequent dismissal of this case.

The fact that the plaintiff was not allowed to present evidence of changed circumstances underlying the *Weisberg* decision does not preclude our affirmance of the trial court. Section 45 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 45) provides that a pleading may be stricken if it is substantially insufficient in law, and after a ruling on a motion to strike the court may enter appropriate orders to permit an amendment or terminate the litigation in whole or in part. The motion to strike in this case attacked the complaint's sufficiency as a matter of law based upon the previous decision of the supreme court in the *Weisberg* case, which dealt with the identical constitutional issues raised by the plaintiff. If the supreme court wishes to reanalyze the underlying reasoning of the *Weisberg* decision, it is obviously their prerogative to do so; otherwise, its decision is persuasive and controlling.

■■ As for the trial court's dismissal of the plaintiff's antitrust claim, we find no error in this respect. Again, the fact that the plaintiff was precluded from presenting evidence establishing that the defendants were not entitled to immunity under the State action doctrine first enunciated in *Parker v. Brown* (1943), 317 U.S. 341, 87 L. Ed. 316, 63 S. Ct. 307, does not prevent us from affirming the trial

court's order striking the antitrust claim. The complaint failed to set forth a cause of action under section 1 of the Sherman Act (15 U.S.C. sec. 1 (1976)), in that no assertions were made to indicate the State was entitled to immunity in the enactment of section 4 of article VI of the Liquor Control Act under the rationale of *California Retail Liquor Dealers Association v. Midcal Aluminum, Inc.* (1980), 445 U.S. 97, 63 L. Ed. 2d 233, 100 S. Ct. 937, and *Parker v. Brown* (1943), 317 U.S. 341, 87 L. Ed. 316, 63 S. Ct. 307. In addition, the plaintiff never attempted to amend its complaint in order to cure this pleading defect. On the face of the statute in question, State action immunity exists unless averred otherwise by the plaintiff. Therefore, the complaint was substantially insufficient in law as to the antitrust claim and was subject to a motion to strike and subsequent dismissal under section 45 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 45).

We conclude for the foregoing reasons that the order of the trial court striking the complaint and dismissing the action be affirmed.

Affirmed.

BARRY and HEIPLE, JJ., concur.